## Red Hill S. & L. Assn. v. Propsner

*Harry P. Creveling*, for plaintiff.
*Irving W. Coleman*, for defendants.

WILLIAMS, *J.*, October 13, 1975—This case involves the proper method of foreclosing a mortgage where there are separate parcels of land in different counties. The pleadings and stipulations of counsel indicate that John and Janet Propsner executed and delivered to Red Hill Savings and Loan Association one mortgage covering three properties in Lehigh County and a noncontiguous parcel in Northampton County . The mortgage was recorded in both counties.

Upon default by the Propsners, Red Hill instituted an action of mortgage foreclosure in Lehigh County, obtained judgment, issued execution on the Lehigh County properties and purchased them for $1, plus costs at the sheriff's sale. Red Hill resold the properties for $53,000, which it credited to the debt. Thereafter, Red Hill filed an exemplification of its judgment in Northampton County and issued execution on the fourth parcel included in the mortgage for the balance of the debt.

Northampton National Bank (herein "bank"), a junior lienor in both counties, obtained a stay of execution, contending that the fair market value of

the Lehigh County properties was $64,000 rather than the sale price of $53,000, and that the former amount should be credited against the debt in the Northampton County execution. If true, the bank, as junior lienor, would be in a better position to recover part of its loss. A hearing was held and testimony received on both sides with respect to the fair market value of the Lehigh County properties. Counsel stipulated that the hearing would be in lieu of requiring Red Hill to proceed in Lehigh County under the Deficiency Judgment Act. At the conclusion of the hearing, counsel requested that the matter be listed for argument.

At oral argument, the bank's counsel for the first time contended that while the action in Lehigh County was proper under the rule of venue as to the three Lehigh County properties, it was improper as to the Northampton County property. The bank would have this court hold, therefore, that all of the proceedings concerning the Northampton County property, from the Lehigh County action to the attempted execution in Northampton County, were a complete nullity, citing Meco Realty Co. v. Burns, 414 Pa. 495, 200 A.2d 869 (1964). For different reasons, we agree.

Mortgage foreclosure proceedings are authorized by the Act of 1705, 1 Sm.L. 57, 21 PS §79, et seq. The Pennsylvania Rules of Civil Procedure apply to such actions and suspend the portions of the above statutes that relate to procedure. Pa. R.C.P. 1142 provides that an action of mortgage foreclosure "may be brought in and only in a county in which the land or a part of the land is located."

According to 3A Anderson Pa. Civ. Pract. §1142.1 (1963) this "authorization to bring the action in any county where part of the land lies applies

equally whether the land is a single tract, contiguous tracts or separate tracts." Venue would be proper in any one of the counties in which land covered by the mortgage is situated. Goodrich-Amram Civil Practice (1962) agrees with this conclusion, but reaches it differently. Goodrich-Amram, § 3181(a)-1, states that "in speaking of 'the land or a part of the land' it is clear that Rule 1142 is denoting a single parcel of land extending into more than one county." In a case where there are separate parcels in more than one county, the Act of 1877, 21 PS §§800 and 802, must be used. Pa. R.C.P. 3244 suspended 21 P.S. §§800 and 802 "insofar as they apply to the practice and procedure in enforcement of judgment in actions of mortgage foreclosure". Goodrich-Amram suggests that these sections still provide the substantive authority to bring the foreclosure suit in one of the counties. It is true that sections 800 and 802 provide that a mortgagee can pursue in any one of the counties whatever remedies are available to him. It is also true that such a right does not deal with enforcement of the judgment, but rather with the means of obtaining the judgment in the first place. Goodrich-Amram, therefore, concludes that sections 800 and 802 must be used to bring suit. Pa. R.C.P. 1142 will not be violated because suit will be brought in a county where a part of the land is situated. When a judgment of mortgage foreclosure is obtained in a proper court, it applies to all the property covered by the mortgage. Statutes allowing a single suit to be brought to foreclose a mortgage covering properties in different counties are apparently quite common: 55 Am. Jur. 2d, Mortgages, Sec. 560.

The Propsners' mortgage covers property located in Lehigh and Northampton Counties. The action of mortgage foreclosure was brought in Lehigh County, where part of the land is situated. The venue is proper and Red Hill's judgment is, therefore, effective as to all the properties covered by the mortgage.

Rules 3180-3183 govern the enforcement of judgments of mortgage foreclosure. Pa. R.C.P. 3180 provides that "judgment shall be enforced by a writ of execution . . ." directed to the appropriate sheriff. Where there is a single tract of land cut by the county line, there is a special procedure under Pa. R.C.P. 3131 by which the court of one of the counties where some of the land is located can be petitioned to take charge and supervise one sale of the whole property. Goodrich-Amram indicates that this is only to be used in the limited circumstances stated in the rule. There is no need for such a unified sale where there are separate parcels in different counties. Pa. R.C.P. 3131 is called a "rare departure" from the normal requirement of a local execution sale conducted by the sheriff of the county in which the land is located.

Red Hill, therefore, has properly sought to have a separate execution sale of the Northampton County property.

Pa. R.C.P. 3181 (a) and 3103 (a) authorize the prothonotary of any county where the judgment is entered to issue a writ of execution to the sheriff who will conduct the execution sale. In the case at bar, the Prothonotary of Lehigh County clearly could have issued a writ of execution to the Sheriff of Northampton County. Pa. R.C.P. 3139 (d), which is applicable to mortgage foreclosure sales, begins,

"if real property is sold by the sheriff under a writ of execution from another county. . . ."

Here, however, an exemplification of the Lehigh County judgment was filed in Northampton County and the Prothonotary of Northampton County issued the writ of execution. The question then is whether the judgment was properly entered in Northampton County so that the writ of execution could be issued under Pa. R.C.P. 3181 (a) and 3103 (a). The prior law, which provided for the transfer and entry of any judgment from one county to another, Act of April 16, 1840, P. L. 410 sec. 1, 12 PS §891, was suspended absolutely by the Pennsylvania Rules of Civil Procedure. Rules 3001-3011 now govern the transfer of judgments. Pa. R.C.P. 3001 states that the only type of judgment that can be transferred is a judgment requiring the payment of money. Under the rules, a judgment of mortgage foreclosure is not such a judgment for the payment of money. It simply directs that the land be exposed to sale for the payment of the mortgage debt: Anderson, supra, Sec. 1141.2. It is a judgment in terris, requiring action upon the land. Pa. R.C.P. 3181 states that the procedure for enforcing a judgment of mortgage foreclosure will conform to selected rules governing the enforcement of judgments for the payment of money. Conformity to the rule of transferability is not provided for. There is, therefore, no authority under which a judgment of mortgage foreclosure can be transferred and entered in another county .

The inescapable conclusion is that the Lehigh County judgment could not have been properly entered in Northampton County since there is no authority under which it could be entered. The Prothonotary of Northampton County, therefore,

could not issue a valid writ of execution. Only the Prothonotary of Lehigh County has the power to issue a valid writ of execution in this case.

Under Pa. R.C.P. 3183, this court may set aside a writ of execution because of defects therein or any other legal or equitable ground. Accordingly, we do not reach the question of fixing the fair market value of the Lehigh County properties. Were we to do so, however, it is our opinion that Red Hill established by the weight of the credible evidence that $53,000, the price for which the Lehigh County properties were sold, represented their fair market value.

## ORDER

And new, October 13, 1975, the writ of execution is set aside and the proceedings thereunder are dismissed.