**First Seneca Bank and Trust Co. v. Burns**

*Charles W. Garbett*, for plaintiff.
*Rea, Audino and Hodge*, for defendant.

HENDERSON, *P.J.*, May 16, 1979—Presently before the court is the question of whether a mortgagor in an action of mortgage foreclosure is entitled to a debtor's exemption. In the present action, the sheriff of Lawrence County, after placing the property in question for sale, filed a schedule of

distribution which included the allowance of a $300 debtor's exemption to be reserved to the defendant-mortgagor. Plaintiff-mortgagee filed exceptions to this portion of the schedule of distribution.

The exact issue presented here was decided by this court in Dollar Savings and Loan Ass'n. v. Sigler, 25 Lawrence 119, 74 D. & C. 2d 192 (1976). Since the time of that decision, the statute providing for a $300 debtor's exemption, Act of April 9, 1849, P.L. 533, sec. 1, 12 P.S. §2161, which we construed as not applying to judgments obtained on actions of mortgage foreclosure, has been repealed by the Judiciary Act Repealer Act of April 28, 1978, P.L. 202 (No. 1978-53), and replaced by section 8123 of the Judicial Code of July 9, 1976, P.L. 586, 42 Pa.C.S.A. §8123.

In the Dollar Savings case we concluded that a mortgagor was not entitled to a debtor's exemption as against a mortgagee by the Act of 1849 because that act only applied to judgments taken against the person and not judgments de terris which do not establish any debt against the mortgagor himself. The Act of 1849 only applied to "any judgment obtained upon contract." The replacement found in the Judicial Code is not so limiting in its language. It reads, in pertinent part:

"(a) General Rule.—In addition to any other property specifically exempted by this subchapter, property of the judgment debtor to the value of $300, including bank notes, money, securities, real property, judgments or other indebtedness due the judgment debtor, shall be exempt from attachment or execution on a judgment. . . .

"(b) Exception.—Subsection (a) shall not apply to any judgment (1) For support. (2) Debtor who is not an individual. (3) Obtained for board for four weeks or less. (4) For $100 or less obtained for wages for manual labor. . . . "

The failure of the legislature to include actions in mortgage foreclosure within the enumerated exceptions to the general rule could be read as effecting a change in the law. However, such a construction misses the thrust of the rule, which is to provide some protection to a judgment debtor.

A judgment entered in an action of mortgage foreclosure under our rules is simply a judgment against the land and imposes no personal liability upon the mortgagor against whom the judgment is obtained: Pa.R.C.P. 1141(a); Meco Realty Co. v. Burns, 414 Pa. 495, 200 A. 2d 869 (1964). "The sole purpose of the judgment obtained through an action of mortgage foreclosure is to effect a judicial sale of the mortgaged property. Once the foreclosure sale has taken place, the purpose of the judgment has been fulfilled and it is rendered functus officio." Meco Realty Co., supra, 414 Pa. at 498, 200 A. 2d at 871.

Since a judgment in a mortgage foreclosure action is only de terris, we do not believe the mortgagor in such actions comes within the scope of a "judgment debtor" as that term is used in section 8123 of the Judicial Code. The policy and object of legislation conferring exemptions upon debtors was to afford the debtor, and his family, the prime necessities of life, and to furnish the insolvent a nucleus with which to begin life anew: Mayhugh v. Coon, 460 Pa. 128, 134, 331 A. 2d 452, 455 (1975).

That policy is not furthered by granting an exemption in judgments on mortgage foreclosures since the debtor cannot lose anything other than his rights to the mortgaged property by such judgments.

In order for defendant-mortgagor to be a judgment debtor within the contemplation of the debtor's exemption granted by the Judicial Code, he must be in some way personally liable to the plaintiff-creditor. If the legislature had desired to change the law to expand the beneficiaries of the debtor's exemption statute to include individuals without personal liability, it could have given expression to such intention in the act. We do not read the differences in the language from the Act of 1849 to section 8123 to effect such a major change in the class of persons covered by debtor's exemption, especially since no indication has been given of an alteration in the policy behind the exemption which would justify such an expansion.

Accordingly, we find that a mortgagor in an action of mortgage foreclosure is still not entitled to a debtor's exemption by virtue of section 8123 of the Judicial Code.

ORDER

Now, May 16, 1979, in conformity with the opinion filed herewith it is hereby ordered, adjudged and decreed plaintiff's exceptions to the sheriff's schedule of distribution in allowing the debtor's exemption to defendant are hereby affirmed and the sheriff is directed to amend his schedule of distribution to comply herewith.