In re Keith E. REED and Heather
M. Reed, Debtors.

Keith E. Reed, Plaintiff,

v.

S & T Bank, Defendant.

Bankruptcy No. 01–21052–BM.
Adversary No. 01–2457–BM.

United States Bankruptcy Court,
W.D. Pennsylvania.

Feb. 27, 2002.

Michael N. Vaporis, Indiana, PA, for plaintiff.

Paul A. Bell, II, Indiana, PA, for defendant.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Defendant S & T Bank has brought a motion to dismiss the complaint in this adversary action. S & T Bank asserts that debtor has failed to state a claim upon which he may be granted relief when it pursued an action in mortgage foreclosure and obtained a judgment against debtor in a sum certain after debtor had received a discharge in bankruptcy.

Debtor steadfastly opposes the motion and insists that he is entitled to relief as a result of the conduct of S & T Bank.

We will grant the motion of S & T Bank and will dismiss this adversary action.

## – FACTS –

Debtors Keith M. Reed and Heather M. Reed filed a voluntary joint chapter 7 petition on February 6, 2001.

The bankruptcy schedules listed a jointly-owned personal residence with a declared value of $65,000 as an estate asset. Pursuant to § 522(d)(1) of the Bankruptcy Code, debtors took an unopposed exemption in the residence in the amount of $13,000. S & T Bank was identified as having an undisputed "security agreement"—i.e., mortgage—against the residence in the amount of $50,000, an amount equal to the difference between the declared value of the property and the exemption taken therein. Debtors' statement of financial affairs listed an action in mortgage foreclosure brought by S & T Bank against debtors as pending at the time of the bankruptcy filing, which action was automatically stayed when the bankruptcy petition was filed.

The case was closed on June 20, 2001, after debtors were granted discharges on May 21, 2001.

On July 17, 2001, less than two months after the discharges were granted, S & T Bank obtained a judgment in mortgage foreclosure in the amount of $57,908 against debtor Keith Reed.[1] The judgment was entered in the Court of Common Pleas of Indiana County, Pennsylvania.

Debtor Keith Reed responded to the judgment by filing a complaint seeking money damages against S & T Bank in the same court on September 9, 2001. Debtor asserted that entry of the judgment against him was in violation of the discharge he had previously received in this court and of the Pennsylvania Code.

1. The record does not indicate whether the judgment also was against debtor Heather M. Reed, who was listed on the Schedules as also having an interest in the property subject to the mortgage.

S & T Bank removed the case to this court on October 22, 2001. Concurrently therewith, it brought a motion to reopen debtors' bankruptcy case, which motion was subsequently granted. S & T Bank also brought a motion at that same time to dismiss the complaint in the removed action for failure to state a claim upon which relief can be granted.

Oral argument on the motion and debtor's opposition thereto was heard on February 7, 2002.

## – DISCUSSION –

A claim may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), which applies to this adversary action by reason of Federal Rule of Bankruptcy Procedure 7012(b), for failure to state a claim upon which relief can be granted.

■ When considering such a motion, we must accept as true all the factual allegations of the complaint as well as all reasonable inferences that can be drawn therefrom. *Doe v. Delie*, 257 F.3d 309, 313 (3d Cir.2001). We need not, however, accept as true "unsupported conclusions and inferences". *City of Pittsburgh v. West Penn Power Co.* 147 F.3d 256, 263 n. 13 (3d Cir.1998). Legal conclusions either alleged or inferred from pleaded facts also need not be accepted as true. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993).

■ The question when considering a Rule 12(b)(6) motion is whether the facts alleged in the complaint, even if true, fail to support the claim asserted. *Kost*, 1 F.3d at 183. A complaint may be dismissed pursuant to Rule 12(b)(6) only if it is manifestly obvious that relief cannot be granted under any set of facts that could be proved consistent with the allegations made. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The issue is not whether plaintiff will ultimately prevail but whether plaintiff is entitled to an opportunity to offer evidence in support of the claim. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974).

Debtor filed a "bare bones" complaint, providing few details concerning the basis for his claim against S & T Bank. This need not, however, prevent us from addressing at this time the merits of S & T Bank's Rule 12(b)(6) motion. Debtor's response to the motion to dismiss may be considered "to clarify allegations in the complaint whose meaning is unclear." *Pegram v. Herdrich*, 530 U.S. 211, 230 n. 10, 120 S.Ct. 2143, 2155 n. 10, 147 L.Ed.2d 164 (2000). Statements by debtor's counsel at oral argument on the motion also may be considered in this regard. *Maio v. Aetna, Inc.*, 221 F.3d 472, 485 n. 12 (3d Cir.2000).

■ Debtor maintained in response to the Rule 12(b)(6) motion that S & T Bank violated § 524(a)(2) of the Bankruptcy Code when it went forward with its mortgage foreclosure action and procured a monetary judgment against debtor after debtor had obtained a discharge in bankruptcy. To the extent Pennsylvania law permitted S & T Bank to proceed as it did, debtor continues, such law violates the Supremacy Clause of the United States Constitution.

Section 524(a)(2) of the Bankruptcy Code prohibits any action taken to collect a discharged debt for which a debtor was personally liable. It provides as follows:

(a) A discharge in a case under this title—....

(2) operates as an injunction against the commencement or continuation of an action ... to collect ... any ... debt [discharged under § 727] as a personal liability of the debtor....

11 U.S.C. § 524(a)(2).

Debtors took an uncontested exemption in their personal residence but took no

steps in their bankruptcy case to avoid S & T Bank's mortgage lien against it. The mortgage lien was unsatisfied and apparently was in default status when S & T Bank initiated its action in mortgage foreclosure.

The discharge debtor received in connection with his personal liability in connection with the mortgage did *not* adversely affect S & T Bank's mortgage lien against debtors' personal residence. See *Dewsnup v. Timm*, 502 U.S. 410, 418, 112 S.Ct. 773, 778, 116 L.Ed.2d 903 (1992). Its right to foreclose on the mortgage lien survived and passed through bankruptcy unaffected. *Owen v. Owen*, 500 U.S. 305, 308–09, 111 S.Ct. 1833, 1835–36, 114 L.Ed.2d 350 (1991). Moreover, the mortgage lien remained a vehicle for bringing an *in rem* action involving debtor. *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S.Ct. 2150, 2154, 115 L.Ed.2d 66 (1991).

■ Section 524(a)(2), in short, does not prohibit the holder of an unavoided lien from enforcing it against a debtor in an *in rem* proceeding. It prohibits only the commencement or continuation of an action to collect debtor's *personal* liability that arose in connection with the lien.

Under the law of Pennsylvania, an action in mortgage foreclosure may *not* include an *in personam* action to enforce the debtor's personal liability. Pennsylvania Rule of Civil Procedure 1141.

■ According to the Supreme Court of Pennsylvania, a judgment in mortgage foreclosure is *de terris* —i.e., against the land. It imposes no personal liability upon the mortgagor against whom the judgment is obtained. *Meco Realty Co. v. Burns*, 414 Pa. 495, 497–98, 200 A.2d 869, 871 (1964).

Recognizing that a judgment in mortgage foreclosure imposes no personal liability upon a mortgagor, the lower courts of Pennsylvania have uniformly characterized an action in mortgage foreclosure as an *in rem* proceeding. E.g., *Insilco Corp. v. Rayburn*, 374 Pa.Super. 362, 368, 543 A.2d 120, 123 (1988); *New York Guardian Mortgage Corp. v. Dietzel*, 362 Pa.Super. 426, 431, 524 A.2d 951, 953 (1987).

We conclude in light of the foregoing that a post-discharge action in mortgage foreclosure brought under Pennsylvania law does not seek to collect or enforce a debtor's personal liability for a debt previously discharged in bankruptcy and, consequently, does not violate § 524(a)(2) of the Bankruptcy Code.

In support of the contention that the above judgment in mortgage foreclosure imposed liability upon debtor for a debt that previously was discharged in bankruptcy, debtor's counsel made much ado at oral argument about the undeniable fact that the judgment against debtor was for a sum certain.

■ This is of no consequence here. A judgment in mortgage foreclosure is *not* a judgment for money damages. *Dietzel*, 362 Pa.Super. at 431, 524 A.2d at 953. The sole purpose of a judgment in mortgage foreclosure is to effectuate a judicial sale of the property subject to the mortgage lien. The judgment is *functus officio* —i.e., is of no force or authority—once a sale has occurred. *Meco Realty*, 414 Pa. at 498, 200 A.2d at 871.

Debtor also asserted in response to S & T Bank's Rule 12(b)(6) motion that Pennsylvania law violates the Supremacy Clause of the United States Constitution to the extent that it permits a judgment against debtor to collect a personal liability of his for which he previously had received a discharge. We understand debtor to mean by this that § 524(a)(2) of the Bankruptcy Code "trumps" such Pennsylvania

law and that the latter is not enforceable to the extent that it conflicts with the former.

We need not address this contention because the premise upon which it is based is incorrect. We have determined that a judgment for a sum certain obtained in a mortgage foreclosure action does not conflict with § 524(a)(2).[2]

An appropriate order dismissing the complaint in the above adversary action shall issue.

**2.** Debtor also suggested in the complaint that the judgment in mortgage foreclosure violated 37 Pa.Code § 303.3(3). Debtor did not revisit this assertion in his response to S & T Bank's motion to dismiss or at oral argument and apparently has abandoned the assertion. Moreover, our review of the Pennsylvania Code uncovered no such provision. We need not and therefore will not address this assertion.