## Meco Realty Company, Appellant, *v.* Burns.

Argued April 22, 1964. Before BELL, C. J., COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Richard A. Kane,* for company, appellant.

*J. J. McCluskey,* with him *Louis G. Feldmann,* for theatre, appellant.

*Richard M. Hughes, II,* with him *Coughlin and Hughes,* for appellee.

OPINION BY MR. JUSTICE COHEN, May 27, 1964:

Plaintiff-appellant, Meco Realty Company (Meco), mortgagee, instituted an action of mortgage foreclosure against defendants-appellees, John F. Burns, the original purchaser and obligor under the bond accompanying the mortgage, and Anton Meister, his grantee, terretenant. Meco's action was brought solely on the mortgage. Judgment was entered for Meco and it bought in the property at the sheriff's sale. Meco petitioned the court to fix the fair market value of the property in accordance with the Deficiency Judgment Act of July 16, 1941, P. L. 400, 12 P.S. §§2621.1-2621.11. The following order was entered: ". . . It is further Ordered and Decreed that Plaintiff may have execution for the balance of judgment debt entered and cost amounting to Fifty-eight Thousand, Two Hundred Ninety-nine and 03/100 ($58,299.03) Dollars with interest from

April 4, 1960, the date of the Sheriff's Sale." (PINOLA, J.)

The judgment was subsequently assigned by Meco to appellant Binghamton Theatre Company, Inc. (Binghamton), after which attempts were made by Binghamton to secure satisfaction of the judgment by suit thereon in New York State and execution against assets of Meister located in that state.

Meister then petitioned the lower court for a rule to show cause why the deficiency judgment should not be stricken, contending, inter alia, that he had not expressly assumed personal liability under the mortgage and therefore was not personally liable to the mortgagee by virtue of the Act of June 12, 1878, P. L. 205, §1, 21 P.S. §655. The order of the court below discharged the rule. However, this order contained the following caveat: " 'The foregoing shall not be construed to authorize execution by plaintiff against Anton Meister, defendant, for said belance of judgment debt entered and costs and plaintiff and its assignees are hereby enjoined from issuing execution against Anton Meister.' " Plaintiffs appealed.

The result of the lower court's order in discharging Meister from personal liability is correct. Pa. R. C. P. 1141(a), which governs actions for mortgage foreclosure, clearly states that " 'action' means an action at law to foreclose a mortgage . . . but shall not include an action to enforce a *personal liability.*" (Emphasis supplied). Historically, prior to the adoption of the Pa. R. C. P., the foreclosure of a mortgage was accomplished by scire facias sur mortgage under the Act of 1705, 1 Sm. L. 57, §6, 21 P.S. §791. While our Rules changed the procedure for obtaining the judgment, they in no way altered the nature of the judgment. Hence, the judgment entered in an action of mortgage foreclosure under our Rules is the same as a judgment entered under the Act of 1705, namely, a judgment

against the land (de terris) and imposes no personal liability upon the mortgagors against whom the judgment is obtained. See Goodrich-Amram §1141-1; see also 3A Anderson Pennsylvania Civil Practice §1141.2 (1963) and cases cited therein. The sole purpose of the judgment obtained through an action of mortgage foreclosure is to effect a judicial sale of the mortgaged property. Once the foreclosure sale has taken place, the purpose of the judgment has been fulfilled and it is rendered functus officio. Useless resort to the Deficiency Judgment Act of 1941 to establish fair market value and thus the net amount of the deficiency can in no way change the nature of the judgment from a judgment de terris to one in personam.

The action taken by Meco in resorting to a deficiency judgment proceeding, and any further proceeding under the judgment of mortgage foreclosure and the deficiency determined to be due thereunder—either in Pennsylvania or New York—having as its objective the imposition of personal liability upon any of the named defendants is a useless action and void at law.

Order affirmed.