National Council of the Junior Order of United American Mechanics of the United States of North America, Appellant, *v.* Zytnick.

Argued April 11, 1972. Before WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ. (WRIGHT, P. J., absent.)

*M. David Turets,* for appellant.

*J. D. Golding* and *R. Seals,* for appellee.

OPINION BY PACKEL, J., June 15, 1972:

The appellant had filed 13 petitions to fix the fair market value of properties, acquired as a result of the foreclosure of 13 mortgages, pursuant to the Deficiency Judgment Act of July 16, 1941, P. L. 400, §1 *et seq.,* 12 P.S. §2621.1 *et seq.* After routinely fixing a date for hearings on the petitions, the court *sua sponte* issued a rule to show cause why the order for the hearings should not be vacated.

The court's reason for the issuance of the rule was its doubt about the validity of the corporate existence of the petitioner. After a hearing on the rule, the court made it absolute on the ground that each one of the petitions contained a false allegation that the values set forth therein had been determined as a result of appraisals.[1]

---

[1] The court's concern resulted from what might well be an inadequacy of the law in that defendants who do not answer the petitions become bound by the value as set forth in the petitions. 12 P.S. §2621.6. However, a court should not bar a hearing on a petition because it believes that a false statement has been made in the petition. Furthermore, the Deficiency Judgment Act requires

Whether the court below was correct or not in issuing or in allowing the rule need not be decided because in *Meco Realty Co. v. Burns,* 414 Pa. 495, 498, 200 A. 2d 869, 871 (1964), not cited by any of the parties, the Court held that a proceeding to obtain a deficiency after a mortgage foreclosure was "a useless action and void at law." The reasoning was as follows: "The sole purpose of the judgment obtained through an action of mortgage foreclosure is to effect a judicial sale of the mortgaged property. Once the foreclosure sale has taken place, the purpose of the judgment has been fulfilled and it is rendered functus officio. Useless resort to the Deficiency Judgment Act of 1941 to establish fair market value and thus the net amount of the deficiency can in no way change the nature of the judgment from a judgment de terris to one in personam." The opinion of the Supreme Court also points out that the alternative procedures for recovery with respect to mortgages, *i.e.,* action of mortgage foreclosure under Pa. R. C. P. 1141 *et seq.,* and enforcement of money judgments for the payment of money under Pa. R. C. P. 3101 *et seq.,* retain the substantive aspects of the historical alternative procedures by way of *sci fa.* or by way of *fi. fa.* after the entry of a personal judgment.

The point that a deficiency judgment cannot be obtained in a foreclosure proceeding does not mean that the defendants in such proceedings will not have the

no professional appraisal and, while evidence of fair market value is customarily obtained through expert testimony, this is not the exclusive method, *Gilleland v. N. Y. State Natural Gas Corp.,* 399 Pa. 181, 159 A. 2d 673 (1960) ; *Walnut St. Fed. Sav. & Loan Ass'n. v. Bernstein,* 394 Pa. 353, 147 A. 2d 359 (1959). The averment which the lower court treated as critical, was actually immaterial and could have been ignored as surplusage. *Koehring Co. v. Ventresca,* 334 Pa. 566, 6 A. 2d 297 (1939) ; *Blossom Prod. Corp. v. Nat'l Underwear Co.,* 325 Pa. 383, 191 A. 40 (1937).

benefit of the Deficiency Judgment Act, in the event that the mortgagee thereafter sues on the bond. Such a suit can be brought because traditionally a mortgage foreclosure does not bar a subsequent proceeding on the bond.[2]

A fair interpretation of the Deficiency Judgment Act, particularly in the light of its obvious purpose, is that its protection is applicable to proceedings to collect the balance due with respect to a judgment, even though the property was sold in an *in rem* proceeding. A direct holding to that effect appears in *Hoffman Lumber Co. v. Mitchell,* 170 Pa. Superior Ct. 326, 85 A. 2d 664 (1952) (allocatur refused) with respect to an assumpsit action brought after a sheriff sale on a mechanic's lien judgment.[3] Accordingly, mortgagees who proceed by way of mortgage foreclosure and who have bought the property would be able to recover a deficiency only if they obtained a personal judgment and petitioned in that proceeding to fix fair value not later than six months after the sale of the property.

The order of the court below in denying hearings on the petition is affirmed.

WRIGHT, P. J., took no part in the consideration or decision of this case.

---

[2] *See, Beaver Co. B. & L. v. Winowich,* 323 Pa. 483, 490, 187 A. 481, 484 (1936) ; *cf. Pennsylvania Co. for Insurance on Lives & Granting Annuities v. Watt,* 151 F. 2d 697 (5th Cir. 1945).

[3] *See, U.S. v. Shimer,* 367 U.S. 374, 377 (1961).