Kretschman et al. *v.* Stoll et al., Appellants.

Argued June 13, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Harold E. Martin, in propria persona,* with him *Richard C. Stoll, Sr.,* and *Dorothy R. Stoll, in propriis personis,* for appellants.

*Louis P. Kretschman, Jr., in propria persona,* with him *Christopher S. Underhill,* and *Windolph, Burkholder & Hartman,* for appellees.

OPINION BY PRICE, J., December 22, 1975:

This appeal was filed upon entry of the lower court's order refusing to strike a deficiency judgment against appellants Stolls, dismissing the petition of appellant Martin to strike the same deficiency judgment, refusing to set aside the sheriff's sale of property mortgaged to the Stolls, and dismissing the exceptions of all appellants to the sheriff's schedule of distribution of the proceeds of sale.

The factual background which gave rise to the appeal has been needlessly complicated by appellants in their efforts to retain the premises involved in this litigation. Briefly stated, the relevant facts are that on August 31, 1971, appellees [hereinafter, "the Kretschmans"] sold two parcels of real estate to the Stolls. In exchange, the Stolls executed two purchase money mortgages and bonds upon the premises. The amount of the mortgage on the property at 422 North Duke Street was $45,000 at 9% interest and that on the property at 420 North Duke Street was $10,000 at 9% interest. Soon after this transaction, the Stolls defaulted in their monthly payments and the Kretschmans instituted proceedings to recover the properties.

We will first consider the sole issue related to the 422 North Duke Street property, which was sold at sheriff's sale in July of 1972, to the Kretschmans for costs. Within six months, the Kretschmans instituted an action under the Deficiency Judgment Act, Act of July 16, 1941, P.L. 400, §1 (12 P.S. §2621.1) *et seq.* They obtained a deficiency judgment in April of 1973. This judgment was appealed by the Stolls, but the appeal was non prossed by this court on March 28, 1974.

In June of 1974, the Stolls renewed their attack on the deficiency judgment by filing a petition to strike. The petition was dismissed with prejudice by order of the lower court. That order is now before this court for disposition.

In July of 1974, appellant Martin also filed a petition to strike the deficiency judgment. After argument, the lower court dismissed his petition as well, and that action is contested in this appeal.

The only issue concerning the 422 North Duke Street property, therefore, is whether the deficiency judgment assessed against the Stolls was validly entered, pursuant to the Deficiency Judgment Act. Both appellants assert that the judgment was improperly entered, arguing that a deficiency judgment cannot follow a mortgage foreclosure, an in rem proceeding.

The case law is clear that the Deficiency Judgment Act may not be utilized to impose personal liability where a personal judgment has not been obtained. In *Meco Realty Company v. Burns*, 414 Pa. 495, 200 A.2d 869 (1964), the Pennsylvania Supreme Court indicated that the purpose of a judgment obtained through a mortgage foreclosure is to effect a judicial sale of the mortgaged property. Once the foreclosure sale takes place, the judgment is fulfilled. Any further action to assess a deficiency is null and void.

The same result was reached by this court in *National Council of the Junior Order of United American Mechanics of the United States of North America v. Zytnick*, 221 Pa. Superior Ct. 391, 293 A.2d 112 (1972), and in *Hoffman Lumber Company v. Mitchell*, 170 Pa. Superior Ct. 326, 85 A.2d 664 (1952).

Therefore, were appellants' assertions of the nature of the judgment obtained by the Kretschmans correct, we would be compelled to strike the judgment. However, appellants are not correct, and we will affirm the lower court's refusal to strike the deficiency judgment.

The lower court found that the action in mortgage foreclosure asked for both an in rem judgment against the property and for an in personam judgment against the Stolls: "Plaintiffs demand judgment against Defendants in the amount of FORTY-FIVE THOUSAND ($45,-

000.00) DOLLARS together with interest and attorney's commission and for the other interests, costs, charges collectible under the mortgage *and for foreclosure and sale of the mortgaged property."* (emphasis added.) This complaint was brought upon the mortgage *and* the bond, and, therefore, is not governed by *Meco, supra.*

The relief requested by appellees was clearly both in rem against the mortgaged property ("foreclosure and sale of the mortgaged property") and in personam against the Stolls on the mortgage bond ("forty-five thousand dollars with interest. . . ."), and both types of relief were granted by order of the lower court.

Appellees subsequently instituted their action to fix the fair market value of the property within six months of the sale, as required by the Deficiency Judgment Act. The lower court determined the value and assessed the deficiency promptly thereafter, and we find no reason to reverse its determination.

Appellants assert that requesting both an in rem and an in personam judgment in one complaint is in violation of the Pennsylvania Rules of Civil Procedure.[1] We may not reach the merits of this argument, however, as appellants raised no objection to the form of the complaint until after judgment was entered. Had they raised the issue by preliminary objection, appellees would have been provided an opportunity to amend the complaint. Consequently, appellants have not raised this issue at all rele-

---

1. The concurring opinion would construe the judgment obtained in this case as one purely in rem, citing the caption of the complaint and Pa. R.C.P. 1141 and 1147. It is our opinion that the liberal philosophy of the Rules which permits various actions to be joined in one complaint extends to actions of mortgage foreclosure and assumpsit. Therefore, while the appellees should have raised their demand for in rem judgment in one court and for in personam judgment in another, the failure to do so is not fatal to this case. For purposes of judicial economy, moreover, it is preferable to have all actions based on one set of facts brought at one time and decided together.

vant stages of the proceedings, and have not properly preserved this issue for appeal. *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974). *See also* Pa. R.C.P. 1032.

The lower court also held that Martin is not a proper party to contest the validity of the deficiency judgment, as it was not assessed against him. Martin contends that as the record holder of three judgments against the Stolls, on the 420 North Duke Street property, he is entitled to contest a deficiency judgment asserted against the Stolls on the 422 North Duke Street property. However, the amount of the deficiency has no bearing upon Martin's status as a lien holder on an unrelated debt. Therefore, the lower court properly found that he has no interest in the deficiency action.

The refusal of the court below to strike the deficiency judgment is supported by competent evidence, and is affirmed.

The issues related to the property located at 420 North Duke Street concern a foreclosure sale and the sheriff's distribution of proceeds obtained therefrom.

The 420 North Duke Street property, which was conveyed by the Kretschmans to the Stolls on August 31, 1971, was subject to both first and second mortgages held by the Kretschmans. Upon default in payments, the property was made the subject of a jury trial, which resulted in a judgment for the Stolls. However, the Stolls continued to remain in possession without making the monthly payments required by the mortgage. Thereafter, in January, 1973, the Kretschmans again began foreclosure proceedings.[2]

Shortly after the foreclosure action was filed, the Stolls informed Martin that they were going to lose the property. Because he held expired judgments against the

---

2. Because of the delay tactics employed by the Stolls and Martins, the property was not sold until July 26, 1974.

property, Martin entered into a transaction with the Stolls in an effort to keep them in possession and to protect his liens. He revived the three judgments[3] pursuant to an agreement with the Stolls, and recorded liens on the property on April 13, 1972, one day before the Kretschmans' deficiency judgment was entered as a lien. Then on January 23, 1973, Martin paid the Stolls one dollar and took title to the property in his capacity as attorney.[4] As part of the consideration for this "sale," Martin agreed to return the judgments to the Stolls, but has not done so.

The sale took place on July 26, 1974, as scheduled.[5] The successful bidder, a third party, paid $16,900 for the premises, all of which was awarded to the Kretschmans by the sheriff. The Stolls and Martin filed exceptions to the distribution, which were dismissed by the lower court. The dismissal is the subject of the appeals docketed at Nos. 855 and 857 October Term, 1975. The Stolls also filed a petition to set aside the sale, which was heard and dismissed. That action is appealed at No. 1488 October Term, 1974.

Although the Stolls have appealed the refusal of the lower court to set aside the sheriff's sale, they have neither briefed nor argued reasons why the refusal was erroneous. Our review of the entire record, however, satisfies us that the lower court properly refused the motion. Moreover, because the Stolls sold the property to Martin before the sheriff's sale, they have no remain-

---

3. The validity of the "revival" is not an issue on this appeal.

4. Mr. Martin wished to have title vest in himself as attorney for some undesignated person. To date, Mr. Martin has not disclosed the name of his alleged principal, nor offered proof of his agency status. We fail to see a distinction between title in the name "Harold E. Martin" and/or in the name "Harold E. Martin, Attorney."

5. The Stolls attempted to stay the sale, but the lower court dismissed their petition after argument.

ing interests in it. Consequently, the sheriff's sale in no way affected the Stolls' property rights, and they are not proper parties to contest it.

The remaining issue involves the sheriff's award of all proceeds of the foreclosure sale to the Kretschmans. The appellants believe that Martin's liens, recorded on April 13, 1972, have priority over the defaulted mortgage on the 420 North Duke Street property and over the deficiency judgment obtained on the 422 North Duke Street property.

The mortgages on both properties were duly recorded in the Office of the Recorder of Deeds of Lancaster County on September 1, 1971, and were accompanied by bonds securing the mortgages. Appellants contend, however, that the failure of the Kretschmans to separately file the 420 North Duke Street mortgage bond with the Prothonotary of Lancaster County defeated the priority of the mortgage lien. We cannot agree, as no statute or rule of procedure requires a mortgagee to file the bond in order to protect his interest in the property. Therefore, by duly recording their mortgage, the Kretschmans perfected their lien as required by the Act of May 12, 1925, P.L. 613, §1; Act of June 12, 1931, P.L. 558, No. 191, §1 (21 P.S. §351). That Section provides in relevant part: "All deeds . . . wherein it shall be the intention of the parties executing the same to grant, bargain, sell, and convey any lands . . . upon being acknowledged by the parties executing the same or proved in the manner provided by the laws of this Commonwealth, shall be recorded in the office for the recording of deeds in the county where such lands . . . are situate. Every such deed . . . which shall not be acknowledged or proved and recorded, as aforesaid, shall be adjudged fraudulent and void as to any subsequent bona fide purchaser or mortgagee or holder of any judgment, duly entered in the prothonotary's office . . . without actual or constructive notice. . . ."

Section 351 has been interpreted to be a "notice" statute, which protects a judgment creditor from an unrecorded instrument unless he has actual or constructive notice of its existence. *Malamed v. Sedelsky*, 367 Pa. 353, 80 A.2d 853 (1951). *See also Second National Bank of Nazareth v. Anderson*, 61 D. & C. 2d 760 (1973). The appellants do not contend that they were without knowledge of the mortgage and bond against the property; they merely assert that the lien was not properly perfected. Because we have determined that the lien was properly perfected, the Kretschmans are entitled to the $10,000 plus interest and costs, the amount in default on the property sold at sheriff's sale.[6]

By subtracting the $11,400 to which the Kretschmans are entitled by reason of the defaulted mortgage from the $16,900 obtained at sheriff's sale, we have yet to dispose of $5,500. Appellants contend that they have priority for purposes of this distribution. To determine the merits of their contention, we must examine the docket entries, which establish that the judgment on the defaulted mortgage and bond was filed on April 14, 1972. On May 6, 1974, the deficiency judgment was filed. All parties agree that this judgment relates back to the April 14, 1972, filing date. The appellants assert, however, that because the Kretschmans did not file their judgment until April 14, 1972, one day after Martin filed his judgments, the "first in time, first in right" rule operates to defeat the priority of the mortgagors' interest. We cannot agree with this position, and will uphold the sheriff's distribution in the instant case. When Martin bought the subject property from the Stolls, his liens merged into his title, *Huoncker v. Merkey*, 102 Pa. 462 (1883); *Dentler's Appeal*, 23 Pa. 505 (1854), and defeated Martin's status as lienholder for purposes of the schedule of distribution. *See also P.L.E., Judgments* §482, which states: "If a

6. The total amount was determined to be $11,400.

judgment creditor acquires title to property against which his judgment constitutes a lien, the judgment ordinarily is regarded as merged in the title and his security is extinguished by operation of law, at least with regard to such property." The sheriff properly awarded all proceeds of the foreclosure sale to the Kretschmans.[7]

The orders of the lower court are affirmed.

---

CONCURRING OPINION BY HOFFMAN, J.:

I agree with the Majority's disposition of this appeal. I feel constrained, however, to comment on the Majority's apparent approval of the procedure employed by the appellees. The method by which the appellees obtained their deficiency judgment is, in my opinion, prohibited by the Rules of Civil Procedure governing mortgage foreclosure, Rule 1141 et seq., and the decisional precedent.

The complaint filed by the appellees, captioned "ACTION OF MORTGAGE FORECLOSURE", did pray for both "judgment against Defendants in the amount of . . . $45,000 . . ." and "for foreclosure and sale of the mortgaged property." According to the Majority, "[t]he relief requested by appellees was clearly both in rem . . . and in personam . . ." (Majority Opinion at page 55). I disagree. Rule 1141(a) provides that "As used in this

---

7. The amounts on which the sheriff based his award may be summarized as follows:

|  | Amount Due | Date Perfected |
|---|---|---|
| 1. Kretschman mortgage | $11,400 | Sept. 1, 1971 |
| 2. Martin liens (disallowed by merger) | 5,835 | April 13, 1972 |
| 3. Kretschman deficiency judgment | 9,725 | April 14, 1972 |

As can be seen, the Kretschmans have not been fully compensated for the deficiency judgment, as only $5,500 of the $9,725 deficiency has been collected by the sheriff.

chapter, 'action' means an action at law to foreclose a mortgage upon any estate, leasehold, or interest in land, but *shall not include an action to enforce a personal liability.*" (Emphasis added). The reason the appellees demanded judgment in their complaint was that Rule 1147 *required* them to do so: "The plaintiff shall set forth in the complaint: . . . (6) *a demand for judgment for the amount due.*" (Emphasis added). When Rule 1147 is read in conjunction with Rule 1141(a), it is clear that the action remains solely an action to foreclose. The appellees apparently were aware of this because they captioned the complaint solely as one for mortgage foreclosure.

This reading is bolstered by this Court's decision in *National Council of the Junior Order of United American Mechanics of the United States of North America v. Zytnick,* 221 Pa. Superior Ct. 391, 293 A.2d 112 (1972). The Majority points out that *Meco Realty Co. v. Burns,* 414 Pa. 495, 200 A.2d 869 (1964), held that the Deficiency Judgment Act[1] may not be utilized to impose personal liability unless a personal judgment has been obtained. In *National Council,* the Court stated: "The point that a deficiency judgment cannot be obtained in a foreclosure proceeding does not mean that the defendants in such proceedings will not have the benefit of the Deficiency Judgment Act, *in the event that the mortgagee thereafter sues on the bond.* Such a suit can be brought because traditionally a mortgage foreclosure does not bar a subsequent proceeding on the bond." 221 Pa. Superior Ct. at 393-394, 293 A.2d at 114. (Emphasis added). The Court noted further that "mortgagees who proceed by way of mortgage foreclosure and who have bought the property would be able to recover a deficiency *only if they obtained a personal judgment* and petitioned in that proceeding to fix fair value not later than six months after the sale of the property." 221 Pa. Superior Ct. at

---

1. Act of July 16, 1941, P.L. 400, §1, 12 P.S. §2621.1 et seq.

394, 293 A.2d at 114. (Emphasis added). *National Council,* therefore, stands for the proposition that a mortgagee who purchases foreclosed property at a sheriff's sale must obtain a personal judgment on the bond in order to utilize the Deficiency Judgment Act. In the instant case, appellees never obtained such a judgment.

I agree that appellants have waived their objections to the proceedings. Obviously, I cannot assign appellant's failure to file preliminary objections as a waiver because I believe that the complaint was one only in mortgage foreclosure. There was no error committed in the court below until the judgment was entered on appellees' complaint. When the court entered a default judgment in favor of appellees in the amount of $47,000, appellants should have raised their objection that the mortgage foreclosure action could not provide the basis for a personal judgment. In fact, appellants did perfect an appeal to this Court; however, it was nolle prossed. By not preserving their objections, appellants have waived their claim. Therefore, I concur in the result reached by the Majority.