## First Federal Savings & Loan Association of Erie v. McAfee

*Ted J. Padden,* for plaintiff.
*George M. Schroeck,* for defendants.

CARNEY, *P.J.,* July 21, 1980—This is an action in mortgage foreclosure. An answer was previously filed and trial scheduled for June 5, 1980. On the eve of trial defendants secured new counsel and moved to amend their answers and to include a counterclaim requesting disqualification of plaintiff's counsel. We continued the trial and ordered briefs on both questions. Having considered the briefs, we will deny both motions.

The mortgage out of which this action arose was executed on September 8, 1978. At that time a real estate closing was held for the conveyance of the subject property located at 6 Angling Acres Subdivision Section Four, Washington Township, Erie County, Pa. The conveyance was from the McCracken Development Company, builders of the home situated on the parcel, to defendants. At this closing other members of plaintiff's counsel's law firm represented First Federal, McCracken Devel-

opment and defendants. The proffered amendment to the answer avers that this possible conflict of interest is a defense to the foreclosure action and requires the disqualification of plaintiff's counsel. In addition, the amendment avers that the conveyed premises had numerous building defects which were misrepresented to defendants.

This, of course, is all very interesting but irrelevant to the mortgage foreclosure action. Such an action is in rem and does not impose personal responsibility on the mortgagors.* See Meco Realty Co. v. Burns, 414 Pa. 495, 200 A. 2d 869 (1964); National Council of Junior Order of United American Mechanics v. Zytnick, 221 Pa. Superior Ct. 391, 293 A. 2d 112 (1972); Kretschman v. Stoll, 238 Pa. Superior Ct. 51, 352 A. 2d 439 (1975) (Hoffman, J., concurring); Signal Consumer Discount Co. v. Babuscio, 257 Pa. Superior Ct. 101, 390 A. 2d 266 (1978). Because the foreclosure proceedings are in rem, any defense must go to the existence and validity of the mortgage. See generally 25 P.L.E., Mortgages §§209, 225; 3 Goodrich-Amram 2d §1148:1.

Here the proffered amendment does not relate to the validity of the mortgage. Therefore, we will deny the motion to amend. Further, because there exists no showing that the prior representation by members of plaintiff's counsel's firm at the closing would prejudice any defense relating to the validity of the mortgage, we will also deny the motion to

---

*Although the instant complaint demands judgment against the defendants, this does not make the action in personam because Pa.R.C.P. 1147 requires such a demand for judgment in the amount due. See Kretschman, supra (Hoffman, J., concurring, and National Council of Junior Order of United American Mechanics v. Zytnick, supra.

disqualify. We intimate no view on the propriety of representation in any personam action involving these parties or McCracken Development.

## ORDER

And now, July 21, 1980, for the reasons set forth above, defendant's motions to amend and to disqualify counsel are dismissed.