487 A.2d 912

**The PEOPLES NATIONAL BANK OF LEBANON**

**v.**

**Bernard NOBLE and Ada R. Noble, Appellants.**

Superior Court of Pennsylvania.

Argued Aug. 15, 1984.

Filed Jan. 18, 1985.

178

Philip B. Korb, Philadelphia, for appellants.

George E. Christianson, Lebanon, for appellee.

Before WICKERSHAM, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellants contend that the lower court lacked jurisdiction to fix the fair market value of real property sold in an

execution proceeding pursuant to the Deficiency Judgment Act, 42 Pa.C.S.A. § 8103(a). We agree and, accordingly, vacate the lower court's order.

On October 22, 1982, appellee Bank filed a complaint in mortgage foreclosure against appellants seeking to foreclose appellants' home at 534 Hemlock Lane, Lebanon, Lebanon County. On December 14 appellee filed a praecipe to enter judgment against appellants because appellants failed to answer the complaint; judgment was entered in favor of appellee on the same day in the amount of $134,654.92. On February 17, 1983, the property was sold to appellee at a sheriff's sale, and, on February 28, the deed to the property was delivered to appellee. Appellee then filed a "Petition for Judgment Creditor to Fix Fair Market Value of Real Estate Pursuant to Deficiency Judgment Act on May 23, 1983. Following a June 16 hearing, because appellants' previous counsel failed to enter an appearance until the day of the hearing or file an answer pursuant to § 8103(c) of the Act, the court entered an order, filed June 22, determining as a matter of law that the fair market value of the property as of the date of sale was $130,000. On June 20, appellants filed a petition to strike or set aside the June 16 order, for permission to file an answer *nunc pro tunc,* and to schedule a new hearing for the purpose of allowing a defense. Appellee filed an answer to this petition on July 11. On July 18, however, instead of proceeding on their petition, appellants filed a notice of appeal from the June 16 order, thus depriving the lower court of jurisdiction to hear the petition. On December 20, 1983, the lower court ordered appellants to file a Pa.R.A.P. 1925(b) concise statement of the matters complained of on appeal, which appellants did on January 3, 1984.

On appeal, appellants contend for the first time that the lower court lacked subject matter jurisdiction to determine the fair market value of their home. We note that the question of the lower court's jurisdiction may be raised for the first time at the appellate level. *Pennsylva-*

*nia Human Relations Commission v. Alto-Reste Park Cemetery Association*, 453 Pa. 124, 128 n. 4, 306 A.2d 881, 884 n. 4 (1973); *Marcus v. Diulus*, 242 Pa.Superior Ct. 151, 157, 363 A.2d 1205, 1208 (1976); *Appeal of Austerlitz*, 63 Pa. Commonwealth Ct. 140, 143, 437 A.2d 804, 805 (1981).

The Deficiency Judgment Act provides that:

> Whenever any real property is sold, directly or indirectly, to the judgment creditor in execution proceedings and the price for which such property has been sold is not sufficient to satisfy the amount of the judgment, interest and costs and the judgment creditor seeks to collect the balance due on said judgment, interest and costs, the judgment creditor shall petition the court having jurisdiction to fix the fair market value of the real property sold. *The petition shall be filed as a supplementary proceeding in the matter in which the judgment was entered.*

42 Pa.C.S.A. § 8103(a) (emphasis added). It is well-settled that a deficiency judgment cannot be obtained in a mortgage foreclosure action. *Meco Realty Co. v. Burns*, 414 Pa. 495, 497–98, 200 A.2d 869, 871 (1964); *McDowell National Bank v. Stupka*, 310 Pa.Superior Ct. 143, 146–48, 456 A.2d 540, 542–43 (1983); *National Council of the Junior Order of United American Mechanics of the United States of North America v. Zytnick*, 221 Pa.Superior Ct. 391, 393–94, 293 A.2d 112, 114 (1972). A judgment in a mortgage foreclosure action is *in rem* and "imposes no personal liability upon the mortgagors against whom the judgment is obtained." *Meco Realty Co. v. Burns, supra,* 414 Pa., at 497–98, 200 A.2d at 871. As we stated in *National Council*, "mortgagees who proceed by way of mortgage foreclosure and who have bought the property would be able to recover a deficiency only if they obtained a personal judgment and petitioned in that proceeding to fix fair value not later than six months after the sale of the property." *National Council, supra,* 221 Pa., at 394, 293 A.2d at 114. Here, because the instant case is a mortgage foreclosure action, we agree with appellants that the court below was without jurisdiction to fix the fair market value of the property sold.

■ Appellee contends, however, that the judgment in its favor was both *in rem* and *in personam,* relying upon *Kretschman v. Stoll,* 238 Pa.Superior Ct. 51, 352 A.2d 439 (1975), *alloc. denied,* 238 Pa.Superior Ct. xxxvii. In *Kretschman,* this Court held that the following prayer for relief requested both *in rem* relief against the property and *in personam* relief against the defendants:

Plaintiffs demand judgment against Defendants in the amount of FORTY–FIVE THOUSAND (45,000.00) DOLLARS together with interest and attorney's commission and for the other interests, costs, charges collectible under the mortgage *and for foreclosure and sale of the mortgaged property.*

*Id.,* 238 Pa.Superior Ct. at 54–55, 352 A.2d at 441 (emphasis in original). Here, appellee's prayer for relief requested the following:

WHEREFORE, Plaintiff demands judgment for the aforesaid amounts, together with collection fees, accrued late charges, costs of suit, etc. *and for foreclosure and sale of the mortgaged premises.*

(Appellee's Complaint in Mortgage Foreclosure at 5) (emphasis added).[1] At first glance, this prayer does appear similar to the one at issue in *Kretschman.* For the following reasons, however, we find that appellee obtained only an *in rem* judgment.

First, appellee's complaint is captioned "Mortgage Foreclosure;" nowhere therein is a bond upon which a personal judgment can be obtained ever mentioned. Indeed, paragraph 5 states that "[t]he mortgages are in default,"[2] and then paragraph 6 avers that: *"In accordance with the terms and conditions of the mortgages,* the entire principal balance ... becomes immediately due and payable upon

1. The "aforesaid amounts" referred to above derive from paragraph 8 of the complaint which states that "[t]he amount presently due and owing is $99,570.09..." *See* Pa.R.Civ.P. 1019(g) ("Any part of the pleading may be incorporated by reference in another part of the same pleading or in another pleading in the same action.").

2. There was an additional mortgage on a property situate in Egg Harbor, Atlantic County, New Jersey.

such default." (Emphasis added). Paragraph 7 further states that appellants were given notice that if they failed to pay the amounts owing "action would be instituted to foreclose on the mortgages." And the written notice sent by appellee contains this language: *"We may also sue you personally* for the unpaid principal balance and all other sums due under the mortgage." (Appellee's Exhibit A to Complaint in Mortgage Foreclosure) (emphasis added).

Additionally, *Kretschman* is not "on all fours with the case at bar." *See* Appellee's Brief at 4. Unlike the prayer for relief in that case, the instant prayer failed to ask explicitly for judgment against appellants in addition to asking for foreclosure and sale of the mortgaged property.[3] *Kretschman* may also be distinguished because not only did the plaintiffs in that case request both a personal judgment and a judgment against the property, but also "both types of relief were granted by order of the lower court." 238 Pa.Superior Ct. at 55, 352 A.2d at 442. Here, appellee's praecipe to enter judgment against appellants asked that appellee's damages include the "Balance of Principal *of Mortgage:* $99,989.29." (Emphasis added). There was no mention of any damages on a bond, and the docket entry for the judgment does not indicate that an *in personam* as well as an *in rem* judgment was granted in favor of appellee. Thus, there is simply no evidence that the lower court granted both types of relief.

Furthermore, this Court questioned the *Kretschman* holding in *Signal Consumer Discount Co. v. Babuscio,* 257 Pa.Superior Ct. 101, 390 A.2d 266 (1978) *(en banc ).* In *Signal Consumer,* we held that the Pennsylvania Rules of Civil Procedure did not permit a defendant in a mortgage foreclosure action to join in an additional defendant whose purported liability to either the mortgagee or the original

**3.** *Cf. McDowell National Bank v. Stupka,* 310 Pa.Superior Ct. 143, 456 A.2d 540 (1983), where the following prayer for relief was held only to request an *in rem* judgment:

Wherefore the plaintiff demands judgment against the defendants, jointly and severally, in the amount of $347,192.30 plus interest from March 3, 1980.

*Id.,* 310 Pa.Superior Ct. at 149 n. 7, 456 A.2d at 543 n. 7.

defendant was based on a claim in assumpsit. The decision was based, in part, on Rule 1141(a), which provided that "[a]s used in this chapter, 'action' means an action at law to foreclose a mortgage upon any estate, leasehold or interest in land but shall not include an action to enforce a personal liability," and on Rule 1146, which provided that "[t]he plaintiff may state in the complaint two or more grounds for foreclosure but may not state more than one cause of action." We then concluded: "Read in conjunction with Rule 1141, [Rule 1146] prevents a mortgagee from joining a contractual claim on a mortgage bond to a mortgage foreclosure claim for the judicial sale of the mortgaged property." *Id.*, 257 Pa.Superior Ct. at 107, 390 A.2d at 269. Regarding *Kretschman*, the Court stated:

> In [*Kretschman* ], the mortgagees instituted a foreclosure action in which they requested both an in rem judgment against the property and in personam judgment against the mortgagors. After sale of the property, the mortgagees instituted an action under the Deficiency Judgment Act, [then] Act of July 16, 1941, P.L. 400, § 1; 12 P.S. § 2621.1 et seq. The mortgagees secured a deficiency judgment; subsequently, the mortgagors filed a petition to strike this judgment. Our Court affirmed the lower court's refusal to strike the deficiency judgment, despite the mortgagors' contention that the mortgagees could not properly obtain both a judgment against the land and an in personam judgment in a mortgage foreclosure action. We held that the mortgagors had not presented this contention in the mortgage foreclosure action and had thus waived their right to present it for our consideration. See *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). *In dictum,* we observed: "It is our opinion that the liberal philosophy of the Rules [of Civil Procedure] which permits various actions to be joined in one complaint extends to actions of mortgage foreclosure and assumpsit. Therefore, while the appellees should have raised their demand for an in rem judgment in one court and for an in personam judgment in another, the failure to do so is not fatal to

this case. For purposes of judicial economy, moreover, it is preferable to have all actions based on one set of facts brought at one time and tried together." Supra, 238 Pa.Super. at 55, n. 1, 352 A.2d at 442 [n. 1].

*Id.*, 257 Pa.Superior Ct. at 107–08 n. 7, 390 A.2d at 269 n. 7 (emphasis added). Thus, we suggested in *Signal Consumer* that, if the joinder of actions issue had been properly raised in *Kretschman*, the result in that case may have been otherwise.[4]

■ "The procedure in connection with the foreclosure of mortgages is purely statutory and the requirements must be strictly followed." *First Federal Savings and Loan Association of Greene County v. Porter*, 408 Pa. 236, 244, 183 A.2d 318, 324 (1962), *citing Federal Land Bank of Baltimore v. King*, 294 Pa. 86, 143 A. 500 (1928). We decline to weaken that procedure by finding that appellee obtained both an *in rem* and an *in personam* judgment. Therefore, our conclusion that appellee obtained only an *in rem* judgment compels us to vacate the order below.[5]

Order vacated.

4. The *en banc* panel in *Signal Consumer* consisted of six of the seven judges who participated in *Kretschman*. All but one judge joined the *Signal Consumer* majority.

5. Because of our disposition of this case, we need not address appellant's other contentions.