## Chase Home Mortgage Corporation of the Southeast v. Good

*Gary E. McCafferty,* for plaintiff.
*M. Kevin Coffey,* for defendants.

LIEBERMAN, *J.,* May 20, 1987 — Plaintiff, Chase Home Mortgage Corporation of the Southeast, has appealed from this court's order dismissing its petition for reassessment of damages.

Defendants, Dean R. and Susan M. Good, husband and wife, are mortgagors upon their residential property located at 34 Second Avenue, Shillington, Pa., and plaintiff is the assignee of the mortgage upon said property.

Upon defendants' default in monthly payments, plaintiff instituted this mortgage foreclosure action against them on August 18, 1982, by filing a complaint. Defendants did not file an answer, and default judgment was entered against them in the amount of $33,625.17 on September 23, 1982. The prothonotary assessed the damages for the above amount pursuant to Pa.R.C.P. 1037 (b) and issued a writ of execution on the same day.

Thereafter, on November 5, 1982, defendants filed a petition in bankruptcy under Chapter 13 in the United States Bankruptcy Court for the Eastern District of Pennsylvania. As a result, further enforcement of judgment was automatically stayed pursuant to section 362 of the United States Bankruptcy Code. (11 U.S.C. §362.)

On September 12, 1985, plaintiff was granted relief from the automatic stay by the United States Bankruptcy Court allowing it to proceed with the enforcement of judgment in mortgage foreclosure. Almost nine months later, on June 10, 1986, plaintiff filed a praecipe for writ of execution with the prothonotary. On August 8, 1986, defendant tendered $34,131.30 to the Berks County Sheriff's office to be paid for the judgment and costs in an attempt to exercise their right under 41 Pa.C.S. §404 satisfying the judgment. Thereafter, on September 2, 1986, plaintiff filed a petition for reassessment of damages. Defendants filed an answer to the petition denying plaintiff's allegations in the petition except the matters concerning procedure. After hearing both parties' argument, this court dismissed plaintiff's petition.

In its petition for reassessment of damages, plaintiff requested that damages be increased from $33,625.17 to $51,033.42 plus interest and costs, adding to the judgment amount escrow payments, late charges and interest at the contract rate of 10 percent since the default judgment.

In support of its petition, plaintiff sets forth the following allegations:

"(1) Since the filing of the complaint, interest has been accruing as have the escrow balance deficit and late charges under the terms of the mortgage contract involved.

"(2) Due to the stay of proceeding occasioned by defendants' bankruptcy, plaintiff's judgment is now

insufficient to satisfy the amounts due and owing on the mortgage and the mortgage lien on the property in question."

At the outset, we must note that plaintiff is not seeking opening or striking of the default judgment contesting its validity. After almost four years since the entry of the default judgment, it requests that this court modify the judgment to reflect damages suffered since the default judgment. Plaintiff did not offer any precedent directly on point to support this court's authority to modify judgment as requested, and our research has failed to disclose any cases on point.

The sole purpose of judgment obtained through an action of mortgage foreclosure is to effect judicial sale of mortgaged property. *Meco Realty Company v. Burns,* 414 Pa. 495, 200 A.2d 869 (1964). The judgment in a mortgage foreclosure action is a money judgment of an amount representing the debt and interest *up to the time of the judgment* and interest on the aggregate up to the time of distribution upon sale of the property. The amount of debt due on the mortgage usually changes from day to day because of interest and other escrow items even after the judgment in mortgage foreclosure. See *Landau v. Western Pennsylvania National Bank,* 445 Pa. 217, 282 A.2d 335 (1971). In the instant case, plaintiff is undoubtedly entitled to a credit for payments made on escrow items such as taxes and insurance since the default judgment. However, that credit is not due until the property is sold at sheriff's sale and distribtion of the proceeds is made. See *Landau,* supra.

Plaintiff claims it is entitled to the interest from the date of the judgment at the contract rate 10 percent rather than the legal rate (six percent). The Pennsylvania judgment interest statute provides:

"Except as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award." 42 P.C.S.A. §8101.

Despite this explicit provision, plaintiff argues that since the enforcement of the judgment has been delayed by automatic stay of the enforcement proceeding pursuant to the bankruptcy code and it must accept payments towards the default during the pendency of bankruptcy proceeding, it is entitled to the interest at a rate agreed upon by the parties under the contract. Plaintiff in support of its argument cites only one unreported Philadelphia Common Pleas Court's decision, *Federal National Mortgage Association v. Jefferson,* May 1986, No. 2359 (CP. Phila. 1986). In that case, the court in granting plaintiff's petition for reconsideration nunc pro tunc of its previous order denying motion for reassessment of damages simply states in one paragraph opinion:

"Because plaintiff was required to accept current mortgage payments upon the filing of defendants' bankruptcy petition and in fact did so, it is necessary to reassess the amount of damages that initially were assessed after judgment by default was entered in this action. Because defendants have not refuted the specific amounts claimed by plaintiff in the instant motion for reassessment, this court finds that defendants have admitted these amounts, pursuant to Pa.R.C.P. 1029(c)."

From reading the opinion, it is not certain whether the court specifically dealt with the interest rate issue during the pendency of the bankruptcy proceeding.

We conclude that although defendants' filing of bankruptcy petition stayed plaintiffs' execution on its judgment in state court, Pennsylvania judgment interest statute still controls, and a judgment bears interest at the legal rate from the date of the judgment.

The cause of action in the instant case arose under the state law and the judgment was entered prior to the filing of the bankruptcy petition. Since plaintiff is now pursuing enforcement of judgment on claim under the state law, we find plaintiff's argument that it is entitled to interest at the rate agreed upon by parties even after the entry of judgment without merit. The same conclusion applies to the claim of late charges.

Aside from issue of the effect of the bankruptcy proceeding on existing judgment in mortgage foreclosure, in the instant case, this court does not have authority to modify the judgment without opening or striking it.

"The court may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed." 42 Pa.C.S. §5505.

Although even after the 30 day period from the entry of judgment the court may correct *obvious or patent mistake* in the judgment under limited circumstances, *Fish v. Gosnell,* 316 Pa.Super. 565, 463 A.2d 1042 (1983), the relief plaintiff is seeking in its petition presents an entirely different situation.

For the foregoing reasons, we are satisfied that our decision dismissing plaintiff's petition for reassessment of damages was correct, and that the decision should be affirmed accordingly.