## Bloomsburg Bank Columbia Trust Co. v. Mensch

*Gary L. Norton,* for plaintiff.
*H. William Koch,* for defendant.

RANCK, *P.J.,* May 3, 1990 — Before this court are defendants' preliminary objections to late charges in plaintiffs' complaint in this mortgage

foreclosure case. Pa.R.C.P. 1141 and 1146 dictate that an in rem action on the mortgage cannot be brought in conjunction with the action in personam on the note; thus, the late charges must be stricken from the complaint. These charges may be recovered in a later action on the note.

The plaintiffs, mortgagees, filed a complaint in mortgage foreclosure against the defendants, mortgagors, on May 8, 1989. Preliminary objections were filed on June 21, 1989, and the complaint was amended on June 27, 1989. Defendants responded to the amended complaint with a second set of preliminary objections, which brings this matter before the court.

The issue is whether plaintiffs may claim liquidated late charges of $193.26, (which are penalties for defaulting on monthly installments for the months of September 1988 through April 1989, plus $24.16 per month which constitutes late charges on each monthly payment which was more than 15 days late after the payment that was due on May 2, 1989), in an action in rem, for possession on the mortgage. Pa.R.C.P. 1141(a) and 1146 govern an action to foreclose on a mortgage. Pa.R.C.P. 1141(a) defines an action of mortgage foreclosure as an action "upon any estate, leasehold or interest in land but shall not include an action to enforce a personal liability." Pa.C.S. Title 13, section 3104(b), the Commercial Code, defines a "note" as a negotiable instrument, and Title 13, section 3104(a)(2) defines a negotiable instrument as an unconditional promise to pay a certain sum of money, which is a personal obligation.

Pa.R.C.P. 1146, dealing with mortgage foreclosure actions, provides that "the plaintiff may state in the complaint two or more grounds for foreclo-

sure but may not state more than one cause of action." Plaintiffs, in the instant case, elected to sue on the mortgage, deciding on an action in rem; thus the late charges, a personal obligation on the note, cannot appear in the complaint. The note and the mortgage are two separate and distinct obligations and give rise to separate and distinct rights. *Meco Realty Co. v. Burns,* 414 Pa. 495, 200 A.2d 869 (1964). The bond evidences the debt, and the mortgage provides the collateral security for the debt; hence the purpose served by the note and the mortgage are different, which explains why time must be taken to draft the two distinct instruments. *In re Estate of Evanovich,* 487 Pa. 55, 408 A.2d 1092 (1979). The mortgage is the foundation for the action de terris, which has a different character and nature from an action in the note. Rule 1141(a) blocks a contract claim, based on personal liability on the note, from making its way into court as a part of a claim for mortgage foreclosure. See *Signal Consumer Discount Co. v. Babuscio,* 257 Pa. Super. 101, 390 A.2d 266 (1978). In the present case, late charges which arise from a claim on the note, cannot appear in the complaint based on the mortgage foreclosure.

A few anomalies to the general rule barring a dual action have surfaced in case law; however, when the defendant objects to the combination in rem/in personam cause of action, the action in the note must be stricken. *Insilco Corp. v. Rayburn,* 374 Pa. Super. 362, 543 A.2d 120 (1988). While it is true that the Pennsylvania Superior Court permitted a dual cause of action in *Kretschman v. Stoll,* 238 Pa. Super. 51, 352 A.2d 439 (1976), the court stated "had they [the defendants] raised the issue by preliminary objection, appellees would have been

provided with opportunity to amend the complaint." Hence, when a defendant raises no objection to the form of the complaint until after judgment is entered, the issue will not be preserved for appeal. In the present case, defendants have objected at the relevant stage of the proceedings and the objection is sustained.

For all of the foregoing reasons, we enter the following

### ORDER

And now, May 3, 1990, it is ordered and directed that defendants' preliminary objections are sustained, and the claim for late charges must be stricken from the amended complaint.

Plaintiff has 20 days from the date of this order to amend the complaint.