## Bank of N.Y. Mellon v. Bohizic

C.P. of Lawrence County, No. 10025-C.A.-2011.

*Scott A. Dietterick* and *Kimberly A. Bonner,* for

plaintiff.

*Barb Bohizic*, pro se, for defendant.

HODGE, *J.*, February 11, 2013—Before the court for disposition is plaintiff's motion for summary judgment. The current action arose out of a note executed on January 4, 2005 by Defendant, Barb Bohizic (hereinafter "defendant") in consideration of a loan equaling $76,000.00 made by Wells Fargo Bank, NA. The loan was provided to defendant after defendant and Mary R. Bohizic secured the same with a mortgage on their residence located at 47 Portersville Road, Ellwood City, Pennsylvania 16117 (hereinafter, the "Residence"). The mortgage was recorded on January 26, 2005 in the Office of the Recorder of Deeds of Lawrence County at Book Volume No. 2006 Page No. 759. Mary R. Bohizic died on April 16, 2006, and the defendant is now the sole record owner of the Residence. The Bank of New York Mellon (hereinafter "plaintiff") ultimately acquired its interest in the mortgage by assignment from Wells Fargo Bank, NA dated June 30, 2009 and recorded on July 21, 2009.

On June 23, 2009, plaintiff initiated a complaint in Mortgage Foreclosure at Case No. 11008 of 2009, C.A. Defendant filed preliminary objections to the complaint on July 14, 2009. Plaintiff responded by withdrawing the complaint without prejudice on July 27, 2009. On January 6, 2011 plaintiff reinitiated the foreclosure action by filing an amended complaint in mortgage foreclosure at the above captioned case. On April 28, 2011, defendant again filed preliminary objections. Following argument on the same, this court granted defendants' preliminary objections

for failure to include proper verification pursuant to the Pennsylvania Rules of Civil Procedure, Rule 1024(c), and the plaintiff was permitted leave to file a second amended complaint.

On October 14, 2011, plaintiff filed a second amended complaint in mortgage foreclosure, alleging the mortgage has been in default due to defendant's failure to make payments as provided under the terms of the mortgage agreement. Plaintiff demands judgment for the amount due plus interest, costs, and attorney fees. Defendant filed an answer and new matter on November 14, 2011. In her answer, defendant provided an admission to all material facts set forth in plaintiff's second amended complaint. In her new matter, however, defendant asserted that plaintiff failed to consider defendant for a mortgage modification, and that plaintiff initiated the within action while defendant has a pending application for a Making Home Affordable Program (hereinafter, "HAMP") loan. Plaintiff responded to defendant's new matter by asserting that defendant's HAMP loan was denied on November 26, 2010, and that defendant has not provided plaintiff with any additional requests to mitigation on the mortgage.

On April 30, 2012, plaintiff filed the instant motion for summary judgment as well as affidavit from an employee of wells Fargo Bank, N.A., as servicing agent for the plaintiff. On June 8, 2012 this court issued an order indicating that plaintiff's motion for summary judgment would be decided on briefs without oral argument. Defendant's brief was filed on April 30, 2012. Plaintiff filed a brief on September 17, 2012 after having two extensions to file the

same. The matter is now ripe for disposition.

Initially, the court will address the issue raised in defendant's new matter, wherein defendant asserted that plaintiff initiated the within action while defendant has a pending application for a HAMP loan. Defendant's assertion, as set forth in her new matter, is not a valid defense to the present foreclosure action. Foreclosure proceedings are in rem, and any defense must, therefore, go to the existence and validity of the mortgage. *First Federal Savings & Loan Association of Erie v. McAfee*, 15 Pa. D. & C.3d 287 (Pa. Comm. Pleas, Erie Cty 1980). Defendant's new matter fails to challenge the existence and validity of the mortgage itself, and cannot be considered a genuine issue of fact.

Under Pennsylvania law, the standard for summary judgment is set forth by Rule 1035.2 of the Pennsylvania Rules of Civil Procedure. The rule states:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial

has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

In an action for mortgage foreclosure, the entry of summary judgment is proper if the mortgagor admits default, the failure to pay interest on the obligation and the recorded mortgage is in the specified amount. Even if the mortgagor has not admitted the total amount of the indebtedness in the pleadings, summary judgment is proper if the elements previously stated are present. *Landau v. Western Penn. Nat'l Bank*, 282 A.2d 335 (Pa. 1971).

A party seeking to avoid the entry of summary judgment must show by depositions, answers to interrogatories, admissions or affidavits that there is a genuine issue for the trier of fact. *Washington Federal Savings and Loan Assoc. v. Stein*, 515 A.2d 980, 981 (Pa. Super. 1986). In determining whether summary judgment is appropriate, the trial court is required to view the record in a light most favorable to the non-moving party, and "all doubts as to the existence of a genuine issue of material fact must be resolved in favor of the nonmoving party." *P.J.S. v. Pennsylvania State Ethics Comm'n*, 732 A.2d 174 (Pa. 1999) (citing *Kapres v. Heller*, 640 A.2d 888 (Pa. 1994)). Summary judgment is proper only when the uncontroverted allegations of record and submitted affidavits demonstrate that no genuine issue of material fact exists, and that the moving party is entitled to judgment as a matter of law. *Potter v. Herman*, 762 A.2d 1116, 1117 (Pa. Super. 2000).

Defendant has admitted that the mortgage is in default. She states in her Answer that she "admits that she has failed to pay monthly installments of principal and interest when due." Def's Answer, p. 2, paragraph 9. Furthermore, plaintiff's supporting affidavit indicates that plaintiff has failed to make a mortgage payment since January 1, 2010. Plaintiff's motion for summary judgment, Ex. A. Defendant does not dispute this allegation, and the court concludes that defendant admits she is in default.

Furthermore, defendant states in her answer that she is without knowledge to form a belief as to the accuracy of the amount plaintiff claims is due. In a mortgage foreclosure action, the mortgagor and mortgagee are the only parties with sufficient knowledge to base a specific denial. *New York Guardian Mortgage Corp. v. Dietzel*, 524 A.2d 951, 952 (Pa. Super. 1987). "[G]eneral denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts." *First Wisconsin Trust Co. v. Strausser*, 653 A.2d 688, 692 (Pa. Super. 1995). Therefore, the court finds defendant's general denial of the specific amount claimed by plaintiff to be an admission. The defendant admits all other allegations set forth in plaintiff's complaint, and the court must therefore conclude that defendant fails to raise any genuine issue of material fact. Plaintiff is entitled to judgment as a matter of law. Plaintiff's motion for summary judgment is granted.

## ORDER OF COURT

And now, February 11, 2013, the court having received plaintiff's motion for summary judgment and briefs filed on behalf of the respective parties, with Scott A. Dietterick, Esquire, representing the plaintiff, the Bank of New York Mellon, and with the defendant, Barb Bohizic, proceeding Pro Se, it is hereby ordered and decrees as follows:

1. Plaintiff's motion for summary judgment is granted pursuant to the attached opinion.

2. Judgment in mortgage foreclosure is entered in favor of plaintiff and against defendant, Barbara Bohizic in the amount of $85,008.99 plus interest, additional late charges, up to the date of filing, attorneys' fees and costs for foreclosure and sale of the mortgaged premises commonly known as 47 Portersville Road, Ellwood City, Pennsylvania 16117.

3. The Prothonotary shall properly serve notice of this order and opinion upon counsel of record and upon any unrepresented party at their last known address as contained in the court's file.