662 A.2d 1120

## CITICORP MORTGAGE, INC.

v.

## MORRISVILLE HAMPTON VILLAGE REALTY LIMITED PARTNERSHIP, a New Jersey Limited Partnership, Appellant.

Superior Court of Pennsylvania.

Argued April 24, 1995.

Filed July 26, 1995.

596

Stanton C. Kelton, III, Cornwells Heights, for appellant.

Ira S. Lefton, Philadelphia, for appellee.

Before ROWLEY, President Judge, and TAMILIA and SAYLOR, JJ.

TAMILIA, Judge:

Appellant, Morrisville Hampton Village Realty Limited Partnership, takes this appeal from the September 22, 1994 Order granting summary judgment in favor of appellee, Citi-

corp Mortgage, Inc., in the amount of $3,435,318.67 plus interest.

On August 2, 1990, appellee loaned $2.3 million to appellant under a multi-family note secured by a multi-family mortgage, assignment of rents and security agreement, which provides security for a multi-family garden apartment complex in Morrisville, Bucks County, Pennsylvania. On June 24, 1992, appellant, who went into default on the loan on November 1, 1992 and continues to be in default, filed a petition for bankruptcy in the Federal District Court of New Jersey under Chapter 11 of the Bankruptcy Code listing appellee as a secured claimant with a claim in the amount of $2.3 million. By Order of March 25, 1994, the bankruptcy court granted appellee relief from the automatic bankruptcy stay and permitted foreclosure on its mortgage. Appellee, on April 8, 1994, filed a complaint in mortgage foreclosure based upon the defaults under the loan documents.[1] By affidavit, appellee established the amounts of the unpaid principal, unpaid interest, accrued late charges, costs and expenses incurred, a prepayment fee and attorney's fees for a sum total of $3,435,-318.67.

The facts surrounding the execution of the mortgage and note as well as the amount of the mortgage, the rate of interest and the specific terms and conditions of the note and mortgage are not in dispute. On appeal, appellant takes issue only with two elements of the damages asserted, namely the prepayment fee and the attorney's fees.

When we review the grant of a motion for summary judgment made under Pa.R.C.P. 1035, the appellate court's scope of review is well-settled: summary judgment is properly granted where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). Summary judgment may be granted only where the right is clear and free from doubt. The moving party has the

---

1. Subsequent to the filing of the complaint, the parties agreed to the appointment of a receiver for the property.

burden of proving that there is no genuine issue of material fact. The record and any inferences therefrom must be viewed in the light most favorable to the nonmoving party, and any doubt must be resolved against the moving party. The trial court will be overturned on the entry of summary judgment only if there has been an error of law or a clear abuse of discretion.

*First Wisconsin Trust Co. v. Strausser,* 439 Pa.Super. 192, 198, 653 A.2d 688, 691 (1995) (citations omitted).

■ On appeal to this Court, appellant argues the trial court, in granting summary judgment in favor of appellee, erred in allowing a "prepayment penalty" of $434,182.48 to be added to the judgment. Appellant contends the provision for the prepayment fee, encompassed in a rider attached to the note, does not authorize imposition of such payment after the mortgage is in foreclosure. Specifically, the rider contains carefully defined terms as to various provisions concerning, inter alia, the calculation of the prepayment formula, however, the rider fails to include a specific statement as to prepayment in the event of default or foreclosure. Accordingly, since the law presumes a mortgagor can prepay the mortgage, appellant argues the mortgage document must be strictly construed as to any restriction placed on this right.

■ Generally, where a mortgage note is silent as to the right of prepayment, there arises a presumption the debt may be prepaid. *Mahoney v. Furches,* 503 Pa. 60, 65, 468 A.2d 458, 461 (1983). This presumption can be rebutted by showing a contrary intent mutually manifested by the parties. *Id.* Here, after a review of the record, we find the prepayment fee requested by appellee clearly was set forth in the rider in great detail and, specifically, appellee went to great lengths to define the prepayment fee, how it would be calculated, that it would be paid whether or not the prepayment is voluntary or involuntary and that no prepayment fee would be imposed during the last three months prior to the maturity date. Although neither party was able to locate controlling caselaw pertaining to prepayment fees when a default occurs, we find

this situation controlled by contract law. This was a commercial loan entered into by a corporation and a limited partnership with the type-written rider signed by appellant's general partner. Accordingly, appellant, who signed the note and presumedly was well aware of the provisions of the rider will be bound by it. *Mahoney, supra.*

■ Appellant further contends appellee has not shown the prepayment fee is justified as liquidated damages and not an illegal penalty. Specifically, appellant contends appellee has failed to show some relationship between the penalty sum of $434,182.48 and the actual damages suffered by it.

The record reveals the rider signed by appellant set forth a detailed formula for calculating the prepayment fee. The trial court determined the calculations to be accurate and in conformity with the provisions of the loan documents. (Slip Op., Garb, J., 11/19/94, p. 3.) Beyond a bald assertion the fee is a penalty and excessive, appellant sets forth no evidence disputing the liquidated damages, nor does it show where the trial court committed an error of law or abused its discretion in granting the summary judgment.

■ Secondly, appellant argues the trial court erred in awarding attorney's fees of ten per cent (10%) or $226,307.21. Appellant contends the trial court merely determined this figure was specifically provided for in the loan documents and thus was acceptable without considering equitable principles to determine if the fees were reasonable, as required by Pennsylvania law.

■ In Pennsylvania, a mortgagee is entitled on foreclosure to recover reasonable expenses, including attorney's fees. *Foulke v. Hatfield Fair Grounds Bazaar, Inc.,* 196 Pa.Super 155, 173 A.2d 703 (1961). The test of a legal fee must be its reasonableness, determined by the circumstances of the particular case. *Federal Land Bank of Baltimore v. Fetner,* 269 Pa.Super. 455, 410 A.2d 344 (1979). Here, the trial court entered summary judgment for appellee and included attorney's fees in accordance with the formula set out in the loan documents. Simply because the trial court, in its

Opinion, did not specifically state the attorney's fees were "reasonable," we will not hold to the contrary. Rather, appellant must set forth some facts, beyond bald assertions, to support its argument the attorney's fees were unreasonable. Although the trial court does not support its decision with caselaw or detailed analysis, our review of relevant Pennsylvania law finds attorney's fees of 10% to be reasonable. *See Federal Land Bank of Baltimore, supra.* Moreover, in light of this transaction involving a commercial loan and mortgage foreclosure proceedings, this appeal, and various ancillary matters, we find the trial court did not err in including the 10% attorney's fees in the summary judgment.

■ Lastly, appellant argues the trial court should not have entered summary judgment for the full amount claimed simply because this was a foreclosure action and Pennsylvania law requires judgment be entered in a specified amount as otherwise execution could not be effected. Thus, if the amount of the judgment really doesn't matter, appellant contends, then it would have made more sense for the trial court to have entered judgment in the undisputed amounts, and not include the attorney's fee and prepayment fee.

■ As indicated above, in an action for mortgage foreclosure, it is essential that judgment be entered in a specific amount as otherwise execution could not be effected thereon. *See Landau v. Western Pennsylvania National Bank,* 445 Pa. 217, 282 A.2d 335 (1971). In *Landau,* as in the present case, the mortgagee had taken possession of the premises and therefore the amount of the outstanding debt was in flux because it was likewise collecting the rent. Thus, here, as in *Landau,* the amount of the outstanding debt at the time of execution and sale is somewhat uncertain. Accordingly, the trial court entered summary judgment for a sum certain consisting of the amount by which appellant was in default plus the prepayment fee and attorney's fees, inter alia, to facilitate execution. The trial court determined the disputed fees to be clearly and expressly provided for and set forth in the loan documents and therefore includable in the summary

judgment. Having found the trial court did not abuse its discretion in finding these fees to be in accordance with the loan documents, we find the court did not abuse its discretion in including the fees in the Order of summary judgment.

Order affirmed.