# Green Tree Consumer Discount Co. v. Newton

C.P. of Philadelphia County, January Term 2005, no. 1453.

*Mark J. Udren,* for plaintiff.
*Irv Ackelsberg,* for defendants.

DYCH, *J.*, January 26, 2006—Herman Newton, Geneva Newton and Herman Newton Jr. appeal from my November 16, 2005 order granting Green Tree Consumer Discount Company's motion for summary judgment, in rem, for foreclosure and sale of the mortgaged property.

## FACTS AND PROCEDURAL HISTORY

Green Tree is the assignee of a mortgage dated October 1, 1998 between the assignor American Home Improvement Product Service and the Newtons in the amount of $9,345. The Newtons, a senior citizen couple and their son, obtained the mortgage on their home of 40 years to secure a home improvement financing contract for the installation of aluminum siding. The Newtons made payments on the mortgage from its inception until January 2004.

The Newtons purchased the aluminum siding for the front and the back of their rowhouse based upon the alleged false and misleading representations by the aluminum siding salesmen that the siding "would warm up her home and save her heating money." After becoming dissatisfied with the quality of the aluminum siding and its failure to reduce their home heating bills, the Newtons stopped making payments on the mortgage.

The Newtons claim that they did not understand that they were obtaining a mortgage on their property. Furthermore, Herman Newton Sr. was incapacitated in 1998 when he signed the documents. The Newtons maintain that they should be entitled to a credit toward the amount due on the mortgage for the difference between the

value of the siding actually received and the price they paid.

Due to the non-payment, Green Tree filed a complaint in mortgage foreclosure on January 12, 2005. The Newtons filed an answer and new matter on February 7, 2005. A motion for summary judgment was filed on May 15, 2005. I reluctantly granted the motion for summary judgment on July 12, 2005. A motion for reconsideration was filed by the Newtons on August 1, 2005. I granted the motion for reconsideration on August 5, 2005. Supplemental briefs were filed by the parties and a hearing was held on the reconsideration motion. On December 9, 2005, based upon hearing and reconsideration, I was constrained to grant the motion for summary judgment. This timely appeal followed. On December 14, 2005, I ordered the Newtons to file a statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). The 1925(b) statement was filed on December 27, 2005.

## DISCUSSION

This is a mortgage foreclosure action to effect a judicial sale of the mortgaged property. *New York Guardian Mortgage Corporation v. Dietzel,* 362 Pa. Super. 426, 431, 524 A.2d 951, 953 (1987). A motion for summary judgment is appropriate where there are no genuine issues as to any material fact and therefore the moving party is entitled to judgment as a matter of law. *Continental Insurance Company v. Schneider Inc.,* 582 Pa. 591, 599, 873 A.2d 1286, 1291 (2005).

An action in mortgage foreclosure is strictly an in rem proceeding; the purpose of the judgment is to effect a

sale of the mortgaged property. *Meco Realty Company v. Burns,* 414 Pa. 495, 498, 200 A.2d 869, 871 (1964). Whether recoupment is raised as a defense or as a counterclaim, the holding in *New York Guardian, supra,* is controlling. *Fleet Real Estate Funding Corp. v. Smith,* 366 Pa. Super. 116, 126-27, 530 A.2d 919, 925 (1987). A recoupment claim is not a defense to a foreclosure action. *New York Guardian, supra,* 362 Pa. Super. at 426, 524 A.2d at 953.

Green Tree's contention that the Newtons stopped making payments on the mortgage is undisputed. In the answer to the complaint, the Newtons state that "they cannot respond to any allegation of there having been a default of such a mortgage." They admit, however, that "they were making a monthly payment regarding the home improvement financing and that they fell behind on those payments." They further admit that after demand, they "continue[d] to fail or refuse[d] to comply with the terms of the mortgage as follows: (a) by failing or refusing to pay the installments principal and interest when due in the amounts indicated below."[1]

The Newtons argue that they were fraudulently induced by "tin men," home improvement scammers suckering vulnerable senior citizens into an installation of overpriced home siding that would be the solution to their high heating bills. The Newtons allege, in defense of the non-payment, the fact that the aluminum siding

---

1. The amounts "indicated below" were recited in paragraph six of Green Tree's complaint. The amounts included the principal of debt due, $7,944.83, unpaid interest, title report, court costs, late charges, BPO, attorney's fees.

was not as represented to them by the salemen, citing the Home Improvement Finance Act, [HIFA] 73 Pa.C.S. §500-201 et seq. The Newtons contend that they "are entitled to and, therefore, request a recoupment to reflect the difference between the price that they paid for the improvements and the value of what they actually received."

Although recoupment defenses are permitted in bankruptcy proceedings, they are not permitted in foreclosure actions, which are strictly in rem. Bankruptcy proceedings are in personam proceedings which resolve the personal obligations of the debtor. *Jones v. Progressive-Home Federal Savings and Loan Assoc.,* 122 B.R. 246, 251 (U.S. Dist. W.D. Pa. 1990). Compare *Associates Home Equity Services Inc. v. Troup,* 778 A.2d 529, 539 (N.J. Super. 2001) (holding that a foreclosure action is not strictly an in rem proceeding, but rather a quasi in rem procedure, thus declining to apply *New York Guardian,* which precludes a recoupment remedy in a foreclosure action).

The Newtons, in their answer to the complaint, admitted that they have, after demand, continued to fail or refuse to comply with the terms of the mortgage. They also claim that they "do not know the details of the mortgage" and therefore could not respond to the allegations that there was a default. This is tantamount to an admission that they are in default on the mortgage. *New York Guardian, supra,* 362 Pa. Super. at 429, 524 A.2d at 952 (1987). In the answer to the complaint, there is a general denial regarding the specific sums alleged due based upon lack of information. A general denial is deemed an admission of those facts. *New York Guardian, supra,* 362

Pa. Super. at 429-30, 524 A.2d at 952-53. See also, Pa.R.C.P. 1029(c).

The Newtons make a general denial in the answer to the complaint that the attorney's fees are reasonable. "[A] mortgagee is entitled on foreclosure to recover reasonable expenses, including attorney's fees." *Citicorp Mortgage Inc. v. Morrisville Hampton Village Realty Limited Partnership,* 443 Pa. Super. 595, 600, 662 A.2d 1120, 1123 (1995). Averments in pleadings do not raise a genuine issue of fact. *Washington Federal Savings and Loan Association v. Stein,* 357 Pa. Super. 286, 292, 515 A.2d 980, 982-83 (1986). In the case at bar, the Newtons did not offer any evidence to contradict the claims in Green Tree's complaint other than the general denials in their answer.

## CONCLUSION

Since there was no genuine issue of material fact, I reluctantly granted the motion for summary judgment. *New York Guardian, supra,* 362 Pa. Super. at 431, 524 A.2d at 952-53.