J-S54019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MIDFIRST BANK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JEFFREY A. STACEY AND LISA RENE STACEY A/K/A LISA R. STACEY | |
| APPEAL OF: LISA RENE STACEY | No. 637 MDA 2014 |

Appeal from the Judgment Entered March 3, 2014
In the Court of Common Pleas of Snyder County
Civil Division at No(s): CV-0132-2013

BEFORE:  LAZARUS, J., MUNDY, J., and STABILE, J.

MEMORANDUM BY MUNDY, J.:                    **FILED AUGUST 28, 2014**

Appellant, Lisa Rene Stacey, appeals from the March 3, 2014 *in rem* judgment entered in favor of Appellee, Midfirst Bank (Midfirst), following the trial court's grant of Midfirst's motion for summary judgment.  After careful review, we affirm.

The trial court summarized the relevant factual history of this case as follows.

> [On March 28, 2013, Midfirst] commenced this action in mortgage foreclosure[ against Appellant and her estranged husband, Jeffrey A. Stacey (Defendant Stacey)].  In the [a]mended [c]omplaint, Midfirst alleges the following: a) [Defendant Stacey and Appellant] are the owners of real property situated on 5351 Troxelville Road, Beavertown, Snyder County; b) [o]n or about December 6, 2007, [Appellant], individually and as power of attorney for Defendant [] Stacey executed and delivered a

[m]ortgage [n]ote and a real estate [m]ortgage in the sum of $129,972.00 to USA Home Loans, Inc.; c) the land subject to the [m]ortgage is the Beavertown property referenced above; d) [e]ffective December 1, 2008, Midfirst is the assignee of the real estate mortgage; e) [Appellant and Defendant Stacey] have defaulted on the mortgage [by] having failed to remit the installment payment due on September 1, 2012 and all subsequent installments; f) [t]he amount due is $137,223.98 which includes an unpaid principal balance, interest, late charges, escrow deficit and 5% attorney's fees; g) Midfirst served [on Appellant and Defendant Stacey] the required Act 6 Notice of Intention to Foreclose and accelerate loan balance on January 14, 2013; h) the [m]ortgage is not subject to the notice provisions of Pennsylvania Act No. 91 of 1983; and i) [Appellant and Defendant Stacey] are not members of the Armed Forces.

Trial Court Opinion, 3/3/14, at 1-2.

On December 30, 2013, Midfirst filed a motion for summary judgment against Appellant. By affidavit, Midfirst established the amounts of the unpaid principal, interest, escrow deficit, late charges, property inspection fees, satisfaction fees, attorney's fees, and costs, which totaled $143,549.92. Midfirst's Motion for Summary Judgment, 12/30/13, Affidavit of Kinders. On March 3, 2014, the trial court granted Midfirst's summary judgment motion and entered an *in rem* judgment in favor of Midfirst in the amount of $143,549.92, together with interest calculated at the rate of

$25.33 *per diem* from December 1, 2013.  On April 1, 2014, Appellant filed a timely notice of appeal.[1]

On appeal, Appellant raises the following issues for our review.

1. Was the [t]rial [c]ourt's grant of summary judgment in error where Appellant [] did have an issue of arguable merit, namely that Defendant [] Stacey was obligated to pay on the mortgage in issue and [Appellant] was not, based on a separate order?

2. Was the [t]rial court's granting of summary judgment in error, as Appellant [] contended the award of legal fees and there had been no determination that those fees were reasonable or customary?

Appellant's Brief at 4.

We begin by noting our well-settled standard and scope of review. "[O]ur standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law[,] and our scope of review is plenary." ***Petrina v. Allied Glove Corp.***, 46 A.3d 795, 797-798 (Pa. Super. 2012) (citations omitted). "We view the record in the light most favorable to the nonmoving party, and

_____

[1] On April 2, 2014, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within 21 days.  Appellant complied with this order by filing a concise statement on April 22, 2014.  In lieu of filing a formal Rule 1925(a) opinion, the trial court indicated on April 29, 2014, that it would be relying on the reasoning set forth in its March 3, 2014 opinion and order granting Midfirst's motion for summary judgment.  Appellant filed her appellate brief on June 23, 2014.

all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party." ***Barnes v. Keller***, 62 A.3d 382, 385 (Pa. Super. 2012), *citing **Erie Ins. Exch. v. Larrimore**,* 987 A.2d 732, 736 (Pa. Super. 2009) (citation omitted). "Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered." ***Id.***

The rule governing summary judgment has been codified at Pennsylvania Rule of Civil Procedure 1035.2, which states as follows.

### Rule 1035.2. Motion

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2.

[O]ur responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima

facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

***Babb v. Ctr. Cmty. Hosp.***, 47 A.3d 1214, 1223 (Pa. Super. 2012) (citations omitted)*, appeal denied*, 65 A.3d 412 (Pa. 2013), *citing **Reeser v. NGK N. Am., Inc.,*** 14 A.3d 896, 898 (Pa. Super. 2011), *quoting **Jones v. Levin**,* 940 A.2d 451, 452–454 (Pa. Super. 2007) (internal citations omitted).

Initially, Appellant argues that the trial court committed an error of law when it found no material issues of fact existed to preclude the grant of summary judgment in the instant matter. Appellant's Brief at 7-8. Specifically, Appellant asserts that a December 22, 2010 support order established between her and Defendant Stacey raised a factual issue that mandated a trial. ***Id.***; ***see also*** Appellant's Answer to Motion for Summary Judgment, 1/27/14, Exhibit A.[2]

"In actions for *in rem* foreclosure due to the [mortgagor]'s failure to pay a debt, summary judgment is proper where the [mortgagor] admits that [s]he had failed to make the payments due and fails to sustain a cognizable defense to the [mortgagee]'s claim." ***Gateway Towers Condo. Ass'n v.***

_____

[2] This support order states, in pertinent part, as follows. "[E]ffective September 27, 2010, there is no child support awarded at this time; however, [] Defendant [Stacey] shall continue to make the mortgage payments on the marital home in the amount of $1,065.91 directly to the bank." Appellant's Answer to Motion for Summary Judgment, 1/27/14, Exhibit A.

*Krohn*, 845 A.2d 855, 858 (Pa. Super. 2004), *citing First Wis. Trust Co. v. Strausser*, 653 A.2d 688, 694 (Pa. Super. 1995). Herein, Appellant admitted that "[she] ha[s] failed to pay the installment due on September []1, 2012 and all subsequent installments thereon[.]" Midfirst's Amended Complaint, 5/23/13, at 2; Appellant's Answer, 10/24/13, at 1; *see also Strausser*, *supra* at 692 (opining, "general denials by mortgagors that they are without information to form a belief as to the truth of averments as to the principal and interest owning [within a mortgage foreclosure action] must be considered an admission of those facts[]").[3] Based upon this admission, summary judgment in favor of Midfirst is appropriate unless Appellant can sustain a cognizable defense to the mortgage foreclosure action. *See Krohn*, *supra*.

Appellant presently alleges she is under no obligation to pay the subject mortgage because of the support order issued by the family law division of the Snyder County Court of Common Pleas. Appellant's Brief at 7-8; Appellant's Answer, 10/24/13, at 1. As this order directed Defendant Stacey to pay the subject mortgage, she maintains, "the mere existence of [the support order] should have allowed her to escape summary judgment and make it to trial." Appellant's Brief at 8. However, we have previously

_____

[3] We note that neither Midfirst's amended complaint nor Appellant's answer contains pagination. Therefore, we have assigned each page within these pleadings a sequential page number for ease of reference.

concluded, "[a] mortgagor's claim that another party is primarily liable[ under the mortgage], and that the mortgagee should collect from that other party before attempting to collect from this mortgagor, is a conclusion of law which will not raise a genuine issue of a material fact in order to preclude summary judgment in a mortgage foreclosure action." ***Strausser***, ***supra*** at 695. Accordingly, Appellant's assertion that Defendant Stacey was liable for paying the mortgage due to an order generated by the trial court's family division does not raise a genuine issue of material fact to frustrate Midfirst's entitlement to summary judgment. ***See id.*** As a result, Appellant's first claim fails.

Appellant next contends the trial court erred when it awarded reasonable and customary attorney's fees in the amount of $3,050.00, when it granted Midfirst's motion for summary judgment.[4] Appellant's Brief at 8-9.

It is well settled that "a mortgagee is entitled on foreclosure to recover reasonable expenses, including attorney's fees." ***Citicorp Mortgage, Inc. v. Morrisville Hampton Vill. Realty Ltd. P'ship***, 662 A.2d 1120, 1123 (Pa. Super. 1995). We review the trial court's award of legal fees by looking at the reasonableness of the award within the confines of the circumstances

_____

[4] The trial court's judgment of $143,549.92 encompassed the mortgage's outstanding balance of $139,952.42, attorney's fees of $3,050.00, and costs of $547.50. **See** Midfirst's Motion for Summary Judgment, 12/30/13, Affidavit of Kinders.

of the particular case. *Id.*, *citing* **Fed. Land Bank of Baltimore v. Fetner**, 410 A.2d 344, 347 (Pa. Super. 1979), *cert. denied*, **Fetner v. Fed. Land Bank of Baltimore**, 446 U.S. 918 (1980). Our Court has previously held that attorney's fees of 10 percent are reasonable within mortgage foreclosure actions. *Id.* Additionally, we have also upheld attorney's fees awards following the grant of summary judgment in favor of a mortgagee. **See Citicorp**, **supra**.

Within this appeal, Appellant concedes that her agreement with Midfirst permits the award of "reasonable and customary" attorney's fees. Appellant's Brief at 9. However, she claims that the trial court cannot engage in such a fee analysis without conducting a trial. *Id.* Specifically, Appellant is concerned that "[she] could [be] pay[ing] the price for legal work that was extended against her estranged husband[, Defendant Stacey]." *Id.* Despite this assertion, Appellant sets forth no further facts to support her bald assertion that the trial court's $3,050.00 fee award was not reasonable and customary. **See id.**

Upon review of the record, we conclude the trial court's award of $3,050.00 in attorney's fees is reasonable. Within Midfirst's motion for summary judgment, it requested attorney's fees in the amount of 5 percent of the principal balance, to wit, $6,163.94. Midfirst's Motion for Summary Judgment, 12/30/13, at 2. However, through an affidavit of a Midfirst Vice President, Matt Kinders, the mortgagee swore that the legal fees it incurred

as of December 19, 2013, totaled $3,050.00, consisting of foreclosure fees of $1,300 and litigation fees of $1,750.00 (10 hours at $175.00 per hour). Midfirst's Motion for Summary Judgment, 12/30/13, Affidavit of Kinders. As the trial court awarded Midfirst attorney's fees in the actual amount incurred by the mortgagee, *i.e.*, $3,050.00, or 2.2 percent of the mortgage's outstanding balance, we discern no error. ***See Citicorp***, ***supra***. Thus, Appellant's second claim likewise fails.

Based on the foregoing, we conclude Appellant's issues are devoid of merit. Therefore, we affirm the March 3, 2014 judgment.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2014