J-A24019-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADEL ETREIH AND RAID ALBARKAWI | |
| Appellants | No. 3278 EDA 2015 |

Appeal from the Judgment Entered November 4, 2015
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): No. 130801821 August Term, 2013

BEFORE:  BOWES, J., OTT, J., and SOLANO, J.

MEMORANDUM BY OTT, J.:                    **FILED NOVEMBER 01, 2016**

Adel Etreih and Raid Albarkawi appeal from the *in rem* judgment, entered on November 4, 2015, in the Court of Common Pleas of Philadelphia County, pursuant to the court's May 18, 2015 order, finding in favor of Bayview Loan Servicing, LLC ("Bayview"), and entering an *in rem* judgment in the amount of $178,657.07, with a foreclosure and sale of the mortgaged property, against Appellants.  Appellants claim (1) the trial court erred in entering the *in rem* judgment in the amount of $178,657.07 in favor of Bayview and against Albarkawi, as Bayview's claim was based on a Note, Mortgage and Loan Modification Agreement, and Albakawi was not a signatory to the Note or Loan Modification Agreement, and (2) the trial court erred in entering the *in rem* judgment in the amount of $178,657.07 in favor of Bayview and against Appellants, as Bayview's claim for counsel fees was

not properly proven.  ***See*** Appellants' Brief at 2.  Based upon the following,

we affirm.

The trial court has summarized the facts and procedural history

underlying this appeal:

A.  FACTS

On August 28, 2007, in consideration of a loan in the principal
amount of $87,500.00, Defendant Adel Etreih ("Defendant
Etreih") executed and delivered to Interbay Funding, LLC
("Interbay") a Note (the "Note").  The Note specified an interest
rate at 12.375% per annum, payable as to the principal and
interest in equal monthly installments of $997.53 commencing
October 1, 2007.

That same day, in order to secure the obligations under the
Note, both Defendant Etreih and Defendant Raid Albarkawi
("Defendant Albarkawi") executed and delivered a mortgage (the
"Mortgage") via a Mortgage and Security Instrument ("Security
Instrument") to Interbay.  The Mortgage was dated August 28,
2007 and recorded on September 4, 2007 in the Department of
records for the County of Philadelphia as Mortgage Instrument
51765624.  The Mortgage secures the real property commonly
known as 431 East Wyoming Avenue, Philadelphia, PA 19120.[1]
Interbay transferred the Note and assigned the Mortgage to
Plaintiff on November 14, 2007.

On November 19, 2009, Defendant Etreih and Plaintiff agreed
to a Loan Modification Agreement ("Modification").   The
Modification increased the unpaid principal balance due on the
Note to $105,635.24, consisting of the amounts loaned to
Defendants [sic] by Plaintiff, including past due principal

---

[1] Etreih and Albarkawi are the owners of the subject property, which is a
commercial property.  ***See*** Bayview's Amended Complaint in Mortgage
Foreclosure, 12/4/2013, at ¶¶2, 13; Appellants' Answer, New Matter, and
Counterclaim, 2/26/2014, at ¶¶2, 13.

payments, interest, fees and costs capitalized. The interest rate decreased to 6% per annum effective December 1, 2009.

The Defendants are in default of their obligations pursuant to the Note and Mortgage because due payments have not been made since November 1, 2012.

B. PROCEDURAL HISTORY

On May 6, 2015, following a non-jury trial,[2] this Court[, on May 18, 2015,] entered an *in rem* judgment in favor of Plaintiff against Defendants in the amount of $178,657.07.[3] On [May 28, 2015], 2015, Defendants filed a Motion for Post-Trial Relief, which [Bayview] opposed. On September 16, 2015, this Court heard oral argument on Defendants' Motion for Post-Trial Relief, which was denied that same day.

_____

[2] Albarkawi did not appear at the trial.

[3] At trial, Bayview presented a Pay Off Statement and History, Exhibit P-6, showing total indebtedness in the amount of $178,652.07, as of the date of the May 6, 2015 hearing. The *in rem* judgment in the amount of $178,657.07 reflects a $5.01 difference that appears to be a scrivener's error, and is *de minimus*. The Notes of Testimony reflects the following amounts:

| | |
|---|---|
| Unpaid Principal Balance | $ 101,810.15 |
| Interest | $ 16,086.00 |
| Outstanding Late Charges | $ 551.60 |
| Default Interest | $ 25,791.90 |
| Prepayment Penalties | $ 19,428.77 |
| Property Inspections | $ 671.00 |
| Property Appraisals | $ 250.00 |
| Property Preservation Fees | $ 70.00 |
| Advanced Legal Fees | $ 8,253.46 |
| Advanced Taxes | $ 2,733.96 |
| Advanced Insurance | $ 3,005.22 |
| | |
| Total Debt | $ 178,652.06 |

***See,*** N.T. 5/6/2015 at 23-24.

Trial Court Opinion, 1/21/2016, at 1–2 (unnumbered) (record citations omitted).

On October 16, 2015, Appellants filed their Notice of Appeal.[4]  On November 4, 2015, Appellants filed a praecipe for entry of judgment, which was entered on the docket pursuant to the trial court's May 18, 2015 order, entering an *in rem* judgment in favor of Bayview against Appellants in the amount of $178,657.07, with a foreclosure and sale of the mortgaged property.

At the outset, we state our standard of review:

> Our appellate role in cases arising from non-jury trial verdicts is to determine whether the findings of the trial court are supported by competent evidence and whether the trial court committed error in any application of the law. The findings of the trial judge in a non-jury case must be given the same weight and effect on appeal as the verdict of a jury, and the findings will not be disturbed on appeal unless predicated upon errors of law or unsupported by competent evidence in the record. Furthermore, our standard of review demands that we consider the evidence in a light most favorable to the verdict winner.

*Levitt v. Patrick*, 976 A.2d 581, 588-89 (Pa. Super. 2009) (citation omitted).  "If we conclude the trial court abused its discretion or committed an error of law, then we may reverse the denial of a motion for a new trial."  *Id.* (citation omitted).

---

[4] On October 21, 2015, the trial court issued a Pa.R.A.P. 1925(b) order, directing Appellants to file a concise statement of errors complained of on appeal, and Appellants filed a concise statement on November 18, 2015.

In the first issue raised in this appeal, Appellants contend that the *in rem* judgment in the amount of $178,657.07 cannot stand as to Albarkawi. Appellants make three arguments.

First, Appellants contend that Bayview's claim was based on the Mortgage, Note and Loan Modification Agreement, and Albarkawi has no liability as he was not a party to the Note or Loan Modification Agreement and had only signed the Mortgage. Appellants further argue the Mortgage required any modification to be in writing and signed by the party against whom it is asserted. Appellants maintain that as Albarkawi was not a signatory nor gave consent for the Loan Modification Agreement, his liability and any security posted by Albarkawi in the form of the Mortgage is discharged.

Second, Appellants argue the trial court erred in finding that Albarkawi ratified the Loan Modification Agreement. In this regard, Appellants acknowledge that the trial court correctly cited relevant case law dealing with ratification. *See* Trial Court Opinion, 1/21/2016, at 4 ("An agreement can be ratified by a party through his actions when he shows an acceptance or adoption of the agreement with intent to ratify and knowledge of the material consequences. ***Allegany Gas Co., to Use of E. Pennsylvania v. Kemp***, 174 A. 289 (Pa. 1934)[.]"). Appellants argue, however, that Etreih's testimony regarding Alkarkawi's knowledge of the Loan Modification

Agreement was "rather equivocal"[5] and cannot support a finding of ratification. *See* Appellant's Brief at 13–14 (*citing* N.T., 5/6/2015, at 57–58). Appellants also claim that the evidence falls short of showing that Albarkawi made any payments following the Loan Modification Agreement. In this regard, Appellant contend Plaintiff's Exhibit P-6, cited by the trial court, "is without any information whatsoever indicating that Albarkawi made the payments nor even that he had knowledge of them." Appellants' Brief at 15.

Third, Appellants state that "if [] Albarkawi's interest in the subject property secures the debt created by the Note, said liability can only extend to his interest securing the *original* [$87,000.00] loan created by the Note." Appellant's Brief at 16 (emphasis in original). Appellants maintain any judgment based in whole or in part on the Loan Modification Agreement cannot be entered against Albarkawi. Appellants claim "[i]t is immaterial that [Bayview] cannot proceed against Albarkawi personally as a result of the judgment." *Id.* at 17. Appellants reason that the judgment amount "fixes an amount which [Bayview] may recover through the sale of the subject property, including Albarkawi's interest therein," that "[a]ny amount recovered at [the] sale of the property in excess of the proper amount due to Bayview would be returned to [Appellants]," and "[a]s such, Albarkawi is

_____

[5] Appellants' Brief at 13.

being deprived of his interest in the property to the extent that the judgment amount exceeds any proper liability under the original Mortgage." *Id.* at 17.

Our review confirms the determination of the trial court that Appellants' position is meritless. Because Albarkari co-signed the mortgage, Bayview had the right to seek an *in rem* judgment against Albarkawi for the debt due under the Note and Modification Agreement. As the Honorable Denis P. Cohen ably explained:

> The Security Instrument[6] stated that: "By its execution hereof, Borrower desires to secure the payment of the Debt (hereinafter defined) and the performance of all of its obligations under the Note and the Other Obligations (hereinafter defined) and any and all other indebtedness now or hereafter owing by the Borrower to Lender." The Security Instrument defined "debt" as "all sums advanced and costs and expenses incurred by the Lender in connection with the Debt or any part thereof, any renewal, extension, or change or substitution for the Debt or any part thereof, or the acquisition or perfection of the security thereof, whether made or incurred at the request of Borrower or Lender." Finally, the Security Instrument provided that: "If Borrower consist of more than one person, the obligations and liabilities of each person hereunder shall be joint and several." By the plain language of the Security Instrument, Defendant Albarkawi was bound to the obligations of the Mortgage, even when those obligations were slightly altered by the Modification.

---

[6] "Security Instrument" refers to the Mortgage. As the trial judge stated earlier in his opinion, "both Defendant Etreih and Defendant Raid Albarkawi ("Defendant Albarkawi") executed and delivered a mortgage (the "Mortgage") via a Mortgage and Security Instrument ("Security Instrument")[.] Trial Court Opinion, 1/21/2016, at 1 (unnumbered).

The Defendants' claim that the Modification created separate and additional obligations for which Defendant Albarkawi was not a party is meritless. The Modification incorporated only debt which was previously due under the original loan documents. Specifically, the Modification incorporated the "unpaid interest late charges, fees and costs" and "if applicable, any advances for unpaid property taxes, insurance premiums" that was explicitly contemplated by the Security Instrument.

****

Assuming *arguendo* that Defendant Albarkawi was not bound by the terms of the Note or Modification, the judgment amount is irrelevant because [Bayview] cannot pursue a deficiency action against Defendant Albarkawi. An action in mortgage foreclosure is strictly an *in rem* proceeding, and the purpose of a judgment in mortgage foreclosure is solely to effect a judicial sale of the mortgaged property. *Meco Realty Co., v. Burns*, 200 A.2d 869, 871 (Pa. 1964); *U.S. Bank, N.A. v. Pautenis*, 118 A.[3]d 386, 394 (Pa. Super. 2015). Once a default has been established under the terms of the mortgage, the court must enter a judgment in a certain amount. *Landau v. W. Pennsylvania National Bank*, 282 A.2d 335, 340 (Pa. 1971) ("Judgment in a mortgage foreclosure action must be entered for a sum certain or no execution could ever issue on it"). However, an *in rem* judgment can be issued even when personal liability cannot be established. *See Meco*, 200 A.2d at 871.

If Defendant Albarkawi is not bound by the Note or Modification, then he cannot be held liable for any additional judgments. He can only be held to an *in rem* judgment under the original Mortgage and not held to be personally liable in this matter or any deficiency action. At trial, Plaintiff's counsel conceded this point and reiterated their request for solely an *in rem* judgment against Defendant Albarkawi. Thus, Defendant Albarkawi could only be held liable for an *in rem* judgment under the original Mortgage and not an *in personam* judgment in a deficiency action.

Trial Court Opinion, 1/21/2016, at 4–7 (unnumbered) (emphasis supplied).

We agree with the trial court's sound analysis. Although Albarkawi did

not sign the Note or Modification Agreement, he signed the Mortgage. Under

the terms of the Mortgage, Albarkawi, as a "Borrower," agreed to secure the payment of the debt "evidenced by the Note," and "any and all indebtedness now or hereafter owing by Borrower to Lender." Mortgage and Security Agreement, 8/28/2007, §§ 2.1(a); 2.2(d). The Mortgage provides: "If Borrower consists of more than one person, the obligations and liabilities of each such person hereinunder shall be joint and several." *Id.*, § 18.2. When payments on the indebtedness ceased, default occurred under the Mortgage, Note and Loan Modification Agreement. Therefore, although Albarkawi is not personally liable on the Note or Modification Agreement, Bayview can proceed against Albarkawi to seek foreclosure and sell the property to satisfy the outstanding debt.[7]

Finally, Appellants argue the trial court erred in entering judgment in the amount of $178,657.07 in favor of Bayview and against Appellants because Bayview's claim for counsel fees was not properly proven.

In Pennsylvania, "a mortgagee is entitled on foreclosure to recover reasonable expenses, including attorney's fees." *Citicorp Mortgage, Inc. v. Morrisville Hampton Vill. Realty Ltd. Partnership*, 662 A.2d 1120, 1123 (Pa. Super. 1995). "The test of a legal fee must be its reasonableness, determined by the circumstances of the particular case." *Id.*, citing *Federal*

---

[7] In light of our agreement with the trial court's analysis that Albarkawi can be held to the *in rem* judgment based upon the Mortgage, there is no need to address the issue of Albarkawi's ratification of the Modification Agreement.

***Land Bank of Baltimore v. Fetner***, 410 A.2d 344 (Pa. Super. 1979).

"[R]elevant Pennsylvania law finds attorney's fees of 10% to be reasonable."

***Citicorp Mortgage, Inc., supra*** at 1123.

> Here, the trial court concluded:
>
> The instant case is similar to other cases that have found a 10% fee to be reasonable. In ***Federal Land Bank***, a 10% fee on a judgment of $137,194.45 on a case that involved "preliminary objections, briefs, depositions, a trial and this appeal" was found to be reasonable. 410 A.2d at 347. Likewise, the instant case saw the Defendant file two sets of Preliminary Objections, a counterclaim requiring further Preliminary Objections, briefs for Summary Judgment, trial preparation and attendance, and Motions Post-Trial Relief on an outstanding balance of $101,810.15.[8] ***See id.*** Thus, the 10% fee here is similarly reasonable and should be upheld. ***See id.***

Trial Court Opinion, 1/21/2016, at 8 (unnumbered).

We find no basis upon which to disturb the determination of the trial court.  In support of its claim for attorneys' fees in the amount of $8,253.46, Bayview presented a document that itemized the "total debt owed" and showed, *inter alia*, "legal fees advanced," in the amount of "8,253.46." ***See*** Exhibit P-6. Appellants complain that because Bayview failed to produce any fee agreement or time sheets evidencing attorney hours rates or time spent on the case, Bayview failed to produce sufficient and proper evidence in support of the amount claimed.  However, the amount claimed by Bayview is reasonable  under  the  above-cited  Pennsylvania  law  regarding  mortgage

---

[8] ***See*** Footnote 3, ***supra***.

foreclosure and Appellants do not challenge the amount as unreasonable. Therefore, Appellants' final claim fails.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/1/2016