J-S30043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| DIAMOND CREDIT UNION | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ROBERT D. SAVORY AND JILL A. | : | |
| SAVORY, | : | |
| | : | |
| APPEAL OF: ROBERT D. SAVORY | : | No. 1647 MDA 2016 |

Appeal from the Order entered September 13, 2016
in the Court of Common Pleas of Berks County,
Civil Division, No(s):  11-06850

BEFORE:  SHOGAN, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:  **FILED JULY 10, 2017**

Robert D. Savory ("Savory") appeals from the Order granting summary judgment in favor of Diamond Credit Union ("Diamond"), in a mortgage foreclosure action with respect to real property located at 109 Martin Lane, Douglassville, Berks County, Pennsylvania ("the Property").  We affirm.

On October 20, 2003, Savory and Jill A. Savory ("Jill")[1] obtained a home equity loan from Diamond in the amount of $100,000.  As security for the loan, Savory and Jill executed an Open-End Mortgage ("the first Mortgage") on the Property.

On April 13, 2004, Savory and Jill obtained a second home equity loan from Diamond in the amount of $100,000.  As security for the second loan, Savory and Jill executed a second Open-End Mortgage ("the second

---

[1] Jill is not a party to the instant appeal.

Mortgage") (the first and second Mortgages will collectively be referred to as "the Mortgages") on the Property.

On March 25, 2010, Savory and Jill defaulted on the Mortgages by failing to make their monthly payments due on that date, and each month thereafter. On January 21, 2011, Savory and Jill were provided Act 91 Notices[2] of Diamond's intention to foreclose on the Mortgages. Savory and Jill failed to cure the default.

Diamond filed a Complaint in mortgage foreclosure on May 9, 2011, appending thereto the Mortgages and the Act 91 Notices. Savory filed an Answer and New Matter on August 10, 2011.

On August 24, 2011, Diamond filed an Amended Complaint. Savory filed an Amended Answer and New Matter on November 10, 2011. Diamond filed a Reply on November 21, 2011.

On May 24, 2016, Diamond filed a Motion for Summary Judgment, and a brief in support thereof, alleging that there were no genuine issues of material fact in dispute. Savory filed a Response on June 30, 2016. On September 13, 2016, the trial court granted summary judgment in favor of Diamond, and awarded Diamond an *in rem* judgment against Savory in the amount of $215,536.35, plus $5,000 for attorney's fees and reimbursement of costs of suit.

---

[2] **See** 35 P.S. § 1680.401(c) *et seq.*

Savory filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Savory raises the following issues for our review:

1. Whether the trial court erred as a matter of law by granting summary judgment because [Diamond] failed to offer the original and/or a copy of the promissory note demonstrating an obligation to pay?

2. Whether the trial court erred as a matter of law by granting summary judgment[,] where [Diamond's] testimonial affidavit did not set forth the current delinquent balance[,] and the most recent payment history record supplied[,] dated January 1, 2011, only demonstrates a delinquent balance owed in the amount of $3[,]286.20, presenting a discrepancy in a material fact?

3. Whether the trial court erred by [admitting] the payment history records attached to [Diamond's] [M]otion for [S]ummary [J]udgment[,] in violation of the rule against hearsay?

4. Whether the trial court erred as a matter of law because [Diamond's] testimonial affidavit attached to the [M]otion for [S]ummary [J]udgment failed to establish that the payment history records qualified as "records of a regularly conducted activity[,]" pursuant to Pa.R.E. 803(6)?

5. Whether the trial court erred as a matter of law by granting summary judgment based upon the affidavit of testimony of [Diamond's] "Debt Counseling Manager[,]" where it was not readily apparent that the witness was competent to testify on the matters set forth in [Diamond's] testimonial affidavit?

6. Whether the trial court erred as a matter of law by awarding [Diamond] counsel fees without any evidentiary record of the time, rate and actual services rendered by [Diamond's] attorneys in the foreclosure action?

- 3 -

Brief for Appellant at 4-5 (issues renumbered).[3]

Our standard of review of an order granting a motion for summary judgment is well-settled:

> We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

*Daley v. A.W. Chesterton, Inc.*, 37 A.3d 1175, 1179 (Pa. 2012) (citation omitted).

"The holder of a mortgage has the right, upon default, to bring a foreclosure action." *Bank of America, N.A. v. Gibson*, 102 A.3d 462, 464 (Pa. Super. 2014). Further, in mortgage foreclosure proceedings, "[t]he holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." *Id.* at 465.

In his first claim, Savory argues that a genuine issue of material fact exists regarding whether Diamond holds the promissory notes for the home

---

[3] We observe that Savory failed to structure his appellate brief such that the argument section is "divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a).

equity loans because Diamond failed to produce them. Brief for Appellant at 9-10.

Savory's first claim challenges Diamond's standing to bring the foreclosure action. In a foreclosure action, the plaintiff can prove standing either by showing that it (1) originated or was assigned the mortgage, or (2) is the holder of the note specially indorsed to it or indorsed in blank. *J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1267-68, n.6 (Pa. Super. 2013).

Initially, we observe, and Savory concedes, that a complaint in mortgage foreclosure does not need to include the original promissory note. *See Bank of N.Y. Mellon v. Johnson*, 121 A.3d 1056, 1063 (Pa. Super. 2015); *see also* Pa.R.C.P. 1147.

Additionally, regarding the first Mortgage, Paragraph 4 of the Amended Complaint alleges that "[o]n October 20, 2003, [] Savory and Jill [] executed a [M]ortgage … given by [Diamond], granting Diamond a security interest in [the Property.]" Amended Complaint, 8/24/11, ¶ 4. Regarding the second Mortgage, Paragraph 11 of the Amended Complaint alleges that "[o]n April 13, 2004, [] Savory and Jill [] executed a [M]ortgage … given by [Diamond], granting Diamond a security interest in [the Property.]" *Id.* ¶ 11. Diamond attached to its Amended Complaint a copy of both Mortgages. *Id.*, "Mortgage #1," "Mortgage #2." Both of the Mortgages identify Diamond as the mortgagee, and reference the accompanying "Account Agreement." *Id.*

In his Amended Answer and New Matter, Savory admitted his identity as one of the mortgagors and owners of the Property. *See* Amended Answer and New Matter, 11/10/11, ¶ 2. As to Paragraphs 4 and 11, Savory admitted that "a [M]ortgage is attached…, that [M]ortgage is a writing that speaks for itself." *Id.* ¶¶ 4, 11. Thus, Diamond established standing as the holder of the Mortgages, and Savory offered no evidence to establish a genuine issue of material fact. *See Murray, supra*; *see also* Pa.R.C.P. 1029(b) (providing that "[a]verments in a pleading to which a responsive pleading is required are admitted when not denied specifically…. A general denial … shall have the effect of an admission."). Accordingly, Savory is not entitled to relief on his first claim.

In his second claim, Savory asserts that the most recent account statement provided by Diamond "demonstrate[s] a delinquent amount of only $3,627.93, much less than the amount set forth in the Amended Complaint." Brief for Appellant at 13-14. Savory additionally claims that the Mortgages do not provide for acceleration in the event of default. *Id.* at 14.

Here, Paragraph 6 of the Amended Complaint alleges that the first Mortgage is in default as a result of the failure to pay the monthly installments of principal and interest due on March 25, 2010, and each month thereafter. Amended Complaint, 8/24/11, ¶ 6. Additionally, Paragraph 7 details, by line item, the total amount due on the first

Mortgage. *Id.* ¶ 7. Paragraph 13 alleges that the second Mortgage is in default due to the failure to pay the monthly installments of principal and interest due on March 25, 2010, and each month thereafter. *Id.* ¶ 13. Additionally, Paragraph 14 details, by line item, the total amount due on the second Mortgage. *Id.* ¶ 14. In his Amended Answer and New Matter, Savory denied the allegations contained in Paragraphs 6 and 13 as conclusions of law. Amended Answer and New Matter, 11/10/11, ¶¶ 6, 13. As to Paragraphs 7 and 14, Savory also indicated that he "is without information sufficient to admit or deny" the allegations because Diamond failed to attach to its Amended Complaint the promissory notes detailing the payment terms. *Id.* ¶¶ 7, 14.

Savory's general denials regarding his default under the Mortgages and the specific amount of his default are deemed to be admissions. *See* Pa.R.C.P. 1029(b); *id.* 1029(c), Note (providing that a party is not excused from "a failure to admit or deny a factual allegation when it is clear that the pleader must know whether a particular allegation is true or false."); *see also U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386, 396 (Pa. Super. 2015) (stating that "[u]nquestionably, apart from the mortgagee, the mortgagors are the only parties who would have sufficient knowledge on which to base a specific denial[.]" (brackets omitted) (citing *New York Guardian Mort. Corp. v. Dietzel*, 524 A.2d 951, 952 (Pa. Super. 1987)); *Gibson*, 102 A.3d at 467 (stating that "general denials by mortgagors that they are without

information sufficient to form a belief as to the truth of averments as to the principal and interest owing on the mortgage must be considered an admission of those facts." (citation, quotation marks, and brackets omitted)). Savory offered nothing to contradict Diamond's claim except the general denials in his Amended Answer and New Matter. Therefore, we conclude that there were no genuine issues of fact regarding Savory's default or the amount owed under the Mortgages, and summary judgment was proper. **See Gibson**, 102 A.3d at 465.

Savory's third claim, as set forth in his Statement of Questions Involved, includes only the bare assertion that the payment history records attached to Diamond's Motion for Summary Judgment constitute inadmissible hearsay. Brief for Appellant at 4. However, in the relevant section of his Argument, Savory cites only to Pa.R.E. 802 (the rule against hearsay), and Pa.R.E. 803(6) (exception to the rule against hearsay concerning records of a regularly conducted activity), and fails to include any pertinent discussion regarding his claim. Savory's failure to develop his argument deprives this Court of a basis upon which to review his claim. Accordingly, Savory's third claim is waived. **See** Pa.R.A.P. 2119(a) (providing that the argument shall include "such discussion and citation of authorities as are deemed pertinent."); **Lackner v. Glosser**, 892 A.2d 21, 29 (Pa. Super. 2006) (stating that "arguments which are not appropriately developed are waived."); **see also Bombar v. West American Ins. Co.**,

932 A.2d 78, 93 (Pa. Super. 2007) (stating that "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant.").

We will address Savory's fourth and fifth claims together, as he combines the discussion of these issues in his brief. In his fourth claim, Savory asserts that the testimonial affidavit of Paul M. Schwab ("Schwab"), the Debt Counseling Manager for Diamond, failed to establish that the payment history records provided by Diamond constitute records of regularly conducted activity. Brief for Appellant at 13. In his fifth claim, Savory avers that Schwab is not competent to testify to the matters contained in the testimonial affidavit. *Id.* at 12. Savory cites to Pa.R.C.P. 1035.4,[4] and claims that Schwab's affidavit "does not state any foundation demonstrating the circumstances under which the hearsay documents were prepared, kept, made or that it was a regular activity of [Diamond] to do so." Brief for Appellant at 12-13.

Savory's one-page discussion of these combined issues does not include any additional analysis or citations to relevant authority. Accordingly, Savory's fourth and fifth claims are waived. *See* Pa.R.A.P. 2119(a); *see also Lackner*, 892 A.2d at 29-30 (stating that "[a]rguments

---

[4] Rule 1035.4 provides, in relevant part, as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be inadmissible in evidence, and shall show affirmatively that the signer is competent to testify to the matters stated therein.

Pa.R.C.P. 1035.4.

not appropriately developed include those where the party has failed to cite any authority in support of a contention."); **Bombar, supra**.[5]

In his sixth claim, Savory contends that the Mortgages do not provide for attorney's fees. Brief for Appellant at 14. Savory argues that the award of attorney's fees is not supported by the terms of the Mortgages or authorized by any statute. **Id.** at 15.

Here, in the brief discussion of his final claim, Savory cites to only two statutory provisions, which he acknowledges are not at issue in the instant case. Because Savory failed to properly develop his argument, his sixth claim is waived. **See** Pa.R.A.P. 2119(a); **see also Lackner**, 892 A.2d at 29.[6]

---

[5] Even if Savory's fourth and fifth claims were fully developed, we would conclude that they lack merit. **See Gibson**, 102 A.3d at 467 (concluding that loan history documents attached to an affidavit submitted in support of mortgage holder's motion for summary judgment were "records of regularly conducted activity, or business records, and would be admissible at trial with proper foundation."); **see also** Pa.R.E. 803(6); 42 Pa.C.S.A. § 6108.

[6] We additionally observe that "[i]n Pennsylvania, a mortgagee is entitled on foreclosure to recover reasonable expenses, including attorney's fees. The test of a legal fee must be its reasonableness, determined by the circumstances of the particular case." **Citicorp Mortg., Inc. v. Morrisville Hampton Vill. Realty Ltd. P'ship**, 662 A.2d 1120, 1123 (Pa. Super. 1995) (citations omitted). Additionally, "relevant Pennsylvania law finds attorney's fees of 10% to be reasonable." **Id.** Savory also failed to provide any argument regarding the reasonableness of the attorney's fees. **See id.** (stating that an "appellant must set forth some facts, beyond bald assertions, to support its argument that attorney's fees were unreasonable.").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/10/2017